Mark C. Goodman, State Bar No. 154692
  mark.goodman@bakermckenzie.com
Christina M. Wong, State Bar No. 288171
  christina.wong@bakermckenzie.com
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111
Telephone:  +1 415 576 3000
Facsimile:  +1 415 576 3099

Attorneys for Defendants
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and NABISCO, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WALLENSTEIN, MONTGOMERY SUMMA, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, and NABISCO, INC., a New Jersey corporation<br><br>               Defendants. | Case No. 3:22-cv-06033-VC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civil P. 12(b)(6)]**<br><br>Date:      January 19, 2023<br>Time:     10:00 a.m. (Via Zoom)<br>Courtrm:  4, 17th Floor<br>Before:   The Hon. Vince Chhabria |

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

# TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION AND REQUESTED RELIEF/ISSUES TO BE DECIDED

I.    INTRODUCTION ................................................................................................ 1

II.   RELEVANT FACTS FROM THE PLEADINGS .............................................. 3

III.  LEGAL STANDARD ........................................................................................ 3

    A.    Failure To State A Claim Under Rule 12(b)(6) ...................................... 3

    B.    Motion To Strike Class Allegations ....................................................... 4

    C.    Personal Jurisdiction .............................................................................. 5

IV.   DISCUSSION .................................................................................................... 6

    A.    Plaintiffs Fail To State Claims Under Rule 12(b)(6) .............................. 6

        1.    The Deceptive Practices and False Advertising Claims must be Dismissed ......... 6

        2.    Plaintiffs' Breach Of Warranty Claims Must Be Dismissed .............................. 11

    B.    The Court Should Strike Plaintiffs' Class Allegations ................................. 12

    C.    There Is No Jurisdiction Over Non-California Class Members' Claims ..................... 13

    D.    Plaintiffs' California Claims Are Time Barred ........................................ 14

    E.    The Court Should Not Afford Leave To Amend ........................................ 14

V.    CONCLUSION .................................................................................................. 15

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

## **TABLE OF AUTHORITIES**

**Page No(s).**

### **Cases**

*Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*,
   666 F.Supp.2d 1109 (C.D. Cal. 2009) ..................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................4

*Astiana v. Ben & Jerry's Homemade, Inc.*,
   No. C 10-4387 PJH, 2011 WL 2111796 (N.D. Cal. May 26, 2011) ......................3

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
   945 F.3d 1225 (9th Cir. 2019) ..........................................................................10

*Beckington v. Am. Airlines, Inc.*,
   926 F.3d 595 (9th Cir. 2019) ............................................................................4

*Bell Atl. Corp. v. Twombly*,
   *550 U.S. 544 (2007)* ........................................................................................4

*BNSF Railway Co. v. Tyrell*,
   137 S.Ct. 1549 (2017) ......................................................................................13

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S.Ct. 1773 (2017)........................................................................6, 13, 14

*Carrico v. City and Cnty. of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011) ..........................................................................14

*Clark v. Perfect Bar, LLC*,
   No. C 18-06006 WHA, 2018 U.S. Dist. LEXIS 219487
   (N.D. Cal. Dec. 21, 2018) ................................................................................10

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013)............................................................................................4

*In re ConAgra Foods, Inc.*,
   90 F.Supp.3d 919 (C.D. Cal. 2015) ..................................................................11

*Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*,
   219 F.Supp.3d 962 (N.D. Cal. 2016)..................................................................11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..........................................................................................13

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

*Depot, Inc. v. Caring for Montanans, Inc.*,
915 F.3d 643 (9th Cir. 2019) ...............................................................................4

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ...............................................................................10

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) ............5

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013) ...............................................................................7

*Foman v. Davis*,
371 U.S. 178 (1962)...........................................................................................14

*Freeman v. Time, Inc.*,
68 F.3d 285 (9th Cir. 1995) ...........................................................................7, 9

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982).........................................................................................4, 5

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ...........................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S.Ct. 2846 (2011)........................................................................................6

*Hadley v. Kellogg Sales Co.*,
273 F.Supp.3d 1052 (N.D. Cal. 2017) ................................................................7

*Helicopteros Nacionales De Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)...........................................................................................6

*Hill v. Roll Internat. Corp.*,
195 Cal.App.4th 1295 (2011) ...........................................................................6

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)...........................................................................................5

*Jones v. Conagra Foods, Inc.*,
912 F.Supp.2d 889 (N.D. Cal. 2012)...................................................................7

*Kane v. Chobani, Inc.*,
No. 12-CV-02425-LHK, 2013 U.S. Dist. LEXIS 134385
(N.D. Cal. Sep. 19, 2013) .................................................................................10

*Kennedy v. Mondelēz Glob. LLC*,
No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538
(E.D.N.Y. July 10, 2020) ...................................................................................7

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

CASE NO. 3:22-cv-06033
NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Klausner v. Annie's, Inc.*,
 581 F.Supp.3d 538 (S.D.N.Y. 2022) ...................................................................11

*Lee v. Mondelēz Int'l, Inc.*,
 No. 22-cv-1127 (LJL), 2022 U.S. Dist. LEXIS 197204
 (S.D.N.Y. Oct. 28, 2022) ...................................................................................10

*Loomis v. Slendertone Distribution, Inc.*,
 420 F.Supp.3d 1046 (S.D. Cal. 2019).................................................................7

*Mantikas v. Kellogg Co.*,
 910 F.3d 633 (2d Cir. 2018) ...............................................................................6

*Morrison v. Ross Stores, Inc.*,
 No. 18-cv-02671-YGR, 2018 U.S. Dist. LEXIS 194431
 (N.D. Cal. Nov. 14, 2018)..................................................................................14

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) ..............................................................................3

*O'Handley v. Padilla*,
 579 F.Supp.3d 1163 (N.D. Cal. 2022) ................................................................5

*Pichardo v. Only What You Need, Inc.*,
 No. 20-CV-493 (VEC), 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) .............1, 7, 8, 9

*Romero v. Flowers Bakeries, LLC*,
 No. 14-cv-05189-BLF, 2015 WL 2125004 (N.D. Cal. May 6, 2015)..................4

*Sanchez v. Nurture, Inc.*,
 No. 5:21-cv-08566-EJD, 2022 U.S. Dist. LEXIS 161409
 (N.D. Cal. Sep. 7, 2022) .....................................................................................6

*Sanders v. Apple Inc.*,
 672 F.Supp.2d 978 (N.D. Cal. 2009)...................................................................5

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
 996 F.Supp.2d 942 (S.D. Cal. 2014)..................................................................11

*Stearns v. Select Comfort Retail Corp.*,
 763 F.Supp.2d 1128 (N.D. Cal. 2010).................................................................5

*Godecke ex rel. United States v. Kinetic Concepts, Inc.*,
 937 F.3d 1201 (9th Cir. 2019) ............................................................................4

*Varela v. Walmart, Inc.*,
 No. CV 20-4448-GW-KSx, 2021 U.S. Dist. LEXIS 102661
 (C.D. Cal. May 25, 2021) ..................................................................................10

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

CASE NO. 3:22-cv-06033
NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

*Walden v. Fiore*,
  571 U.S. 277 (2014) ................................................................5

*Warren v. Whole Foods Mkt. Grp., Inc.*,
  574 F.Supp.3d 102 (E.D.N.Y. 2021) .................................8, 10, 11

*Wheeler v. City of Santa Clara*,
  894 F.3d 1046 (9th Cir. 2018) .................................................14

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ....................................................5

*Williams v. Beechnut Nutrition Corp.*,
  185 Cal.App.3d 135 (1986) .....................................................11

*Williams v. Gerber Prods. Co.*,
  523 F.3d 934 (9th Cir. 2008) ....................................................9

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) .................................................1, 9

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ..................................................6

*Workman v. Plum Inc.*,
  141 F.Supp.3d 1032 (N.D. Cal. 2015) .......................................2, 9

*Ziegler v. Indian River Cty.*,
  64 F.3d 470 (9th Cir. 1995) ......................................................5

## Statutes

Fed. R. Civil P. 4(k)(1)(A) ..........................................................5

Fed. R. Civil P. 12 ...................................................................4

Fed. R. Civil P. 12(b)(2) .............................................................5

Fed. R. Civil P. 12(b)(6) ..........................................................3, 6

Fed. R. Civil P. 12(f) ..............................................................4, 12

Fed. R. Civil P. 23 ...................................................................4

Fed. R. Civil P. 23(c)(1)(A) .........................................................4

Cal. Civil Code §§ 1750 *et seq.* (Consumers Legal Remedies Act ("CLRA")) ...................... *passim*

Cal. Civil Code § 1770(a) ...........................................................6

Cal. Civil Code § 1783 .............................................................14

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

v

Cal. Com. Code § 2313 .......................................................................................................... 11

Cal. Com. Code § 2313(1) ..................................................................................................... 11

Cal. Com. Code § 2725 .......................................................................................................... 14

N.Y. Gen. Bus. L. § 349 (2015) ....................................................................................... 6, 12

N.Y. Gen. Bus. L. § 350 (2015) ............................................................................................ 6

N.Y. U.C.C. § 2-313 .............................................................................................................. 11

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

CASE NO. 3:22-cv-06033
NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, on January 19, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4, located on the 17th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Vince Chhabria, Defendants Mondelēz International, Inc., Mondelēz Global, LLC and Nabisco, Inc.[1] will and hereby do move for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims alleged against them in the Class Action Complaint for Damages filed by Plaintiffs David Wallenstein and Montgomery Summa on October 13, 2022 (Dkt. 1) for failure to state a claim on which relief can be granted. The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the Declaration of Christina M. Wong, all of the other papers on file in this action and such other and further evidence or argument as the Court may allow.

---

[1] The complaint names Nabisco, Inc. and Mondelēz International, Inc. but those are not proper parties to this litigation. As explained to the plaintiffs, on December 11, 2000, Nabisco Holdings Corp. and Nabisco, Inc. were acquired by Kraft Foods Global, Inc. On July 29, 2001, Nabisco, Inc. (a wholly owned subsidiary of Kraft Foods Global, Inc.) was merged with and into Kraft Foods Global, Inc., with Kraft Foods Global, Inc. remaining the surviving entity. In 2012, Kraft Foods Inc. undertook a series of internal reorganization transactions to move the global snacks business to Mondelēz Global LLC, a newly formed subsidiary of Kraft Foods Group, Inc. (formerly known as Kraft Foods Global, Inc.). Following this reorganization, Kraft Foods Group, Inc. held the North American grocery business and all of the shares of Mondelēz Global LLC, which separately held the global snacks business. Kraft Foods Group, Inc. then distributed all of the shares of Mondelēz Global LLC to Kraft Foods Group, Inc.'s parent, Kraft Foods Inc. Following that distribution, Kraft Foods Inc. directly held two subsidiaries: Kraft Foods Group, Inc., which held the North American grocery business, and Mondelēz Global LLC, which held the global snacks business. Kraft Foods Inc. "spun off" the North American grocery business by distributing all of the shares of Kraft Foods Group, Inc. to Kraft Foods Inc.'s public shareholders. This distribution took place at 5:00 p.m. ET on October 1, 2012. At 5:01 p.m.ET that same day, Kraft Foods Inc. changed its name to Mondelēz International, Inc. Mondelēz Global LLC is the operating company for Mondelēz International, Inc., which is merely a holding company and does not conduct any business. The Nabisco Brand is among the brands retained by Kraft Foods Global Brands LLC, a company owned by Mondelēz Global LLC and licensed to Mondelēz Global LLC for use in the U.S. and its territories. Accordingly, Mondelēz Global LLC is the appropriate party to this litigation to the extent any aspect of this case should survive.

**REQUESTED RELIEF / ISSUES TO BE DECIDED**

1.    Pursuant to Federal Rule of Civil Procedure 12(b)(6), should the plaintiff's claims be dismissed for failure to state a claim because the products at issue do not include any improper or untrue labeling statements?

2.    Whether the plaintiffs' class claims should be stricken for failing to meet the standards for class treatment?

3.    Whether the complaint should be dismissed in its entirety and with prejudice pursuant because the complaint fails to state a claim against Defendants as to which the plaintiff can recover any damages?

Dated: December 12, 2022                          Respectfully submitted,

                                                  **BAKER & McKENZIE LLP**


                                                  By:   /s/ Mark C. Goodman
                                                        Mark C. Goodman
                                                  Attorneys for Defendants
                                                  MONDELĒZ INTERNATIONAL, INC.,
                                                  MONDELĒZ GLOBAL, LLC and
                                                  NABISCO, INC.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

viii

CASE NO. 3:22-cv-06033
NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

## I.      INTRODUCTION

Taking the phrase entirely out of the context in which it appears, the plaintiffs claim that Defendants' use of the phrase "100% Whole Grain" on the packaging of Wheat Thins products is false and misleading because the products contain cornstarch, a non-wheat, binding agent that is not a whole grain.   The complaint conveniently omits the material fact that the ***only*** time the phrase "100% Whole Grain" appears on Wheat Thins product packaging or advertisements is ***specifically with and directly preceding the word "wheat"*** -- *i.e.,* "100% WHOLE GRAIN WHEAT THINS" -- and ***in conjunction with prominent images of wheat stalks and grain***.  The images of the product packaging that the plaintiffs include in their complaint confirm that the word "wheat" always follows "100% Whole Grain" and the only grain depicted on the packaging is wheat:



(Compl. at ¶2, Fig. 1.)  As matter of common sense and basic English comprehension, the use of the phrase "100% Whole Grain" describes the ***wheat*** in Wheat Thins (which is, in fact, whole grain wheat) and does not mean that all grains of any type used in the product are whole grains.  Indeed, the complaint does not allege that the products claim to be multi-grain or refer to any grain other than wheat being "whole" or that the wheat used in the product is not 100% whole grain. Accordingly, the plaintiffs fail to identify any warranty or statement by MDLZ that is false or misleading and the complaint must be dismissed.

Moreover, the complaint fails because it cannot allege that a reasonable consumer would be deceived into believing that Wheat Thins do not contain cornstarch.  The complaint admits that Defendants expressly disclose cornstarch "as one of the top ingredients in Wheat Thins." (Dkt. 1 at 11.) Consumers are expected to read product labels and ingredients.  *Williams v. Gerber Prods. Co.*,

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

1

552 F.3d 934, 940 (9th Cir. 2008) ("reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging"); *Workman v. Plum Inc*., 141 F.Supp.3d 1032, 1035 (N.D. Cal. 2015) ("any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA").  No reasonable consumer could possibly be deceived into believing that products do not contain cornstarch when cornstarch plainly appears as an ingredient on the product's packaging.  Nor do the allegations that the plaintiffs did not know that cornstarch is not a whole grain save their claims.  Plaintiffs' personal ignorance of facts cannot be imputed to all reasonable consumers and no amendment can cure that pleading deficiency.  Because the complaint does not and cannot identify any broken promises or misrepresentations, it must be dismissed with prejudice.

Even if the plaintiffs' claims could somehow survive the pleadings stage, the Court should strike the class claims because the allegations in the complaint demonstrate that individualized issues of proof would predominate in this matter, making class treatment inappropriate.  To accept the class claims as pleaded, the Court would have to improperly assume that all reasonable consumers would: (1) interpret the phrase "100% WHOLE GRAIN WHEAT THINS" to mean that all ingredients in the products are whole grain ingredients, as opposed to meaning that all wheat ingredients are whole grain; (2) rely on that interpretation in choosing to purchase Wheat Thins; (3) not know that cornstarch is a non-wheat product that is not a whole grain; and (4) be harmed by the purchase in the same way as all other consumers, with the same damages.  Questions of consumer interpretation of and reliance on labeling statements, knowledge of cornstarch, purchasing decisions and claims for damages necessarily would have to be adjudicated on facts specific to each individual putative class member, meaning that class treatment would not be a superior means of resolving the dispute.

Finally, the Court lacks personal jurisdiction over Defendants with respect to the claims of any putative class members outside of California.  Thus, if the Court does not dismiss the complaint with prejudice, the Court should at the very least strike the class allegations and/or dismiss the claims of non-resident putative class members for lack of personal jurisdiction.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

## II.      RELEVANT FACTS FROM THE PLEADINGS

Defendants sell and/or distribute Wheat Thins products in the United States.  (Dkt. 1, Compl. at ¶¶34-35.)   Wheat Thins products include: Original Wheat Thins, Reduced Fat Wheat Thins, Sundried Tomato & Basil Wheat Thins, Big Wheat Thins, Ranch Wheat Thins, Hint of Salt Wheat Thins, Cracked Pepper & Olive Oil Wheat Thins.  (Compl. at ¶32.)   This family of products is uniformly labeled as "100% WHOLE GRAIN WHEAT THINS."  (Compl. at ¶2, Fig. 1; ¶3, Fig. 2; ¶33.)  Wheat Thins' product packaging includes prominent images of wheat grains.  (Compl. at ¶2, Fig. 1 & ¶3, Fig. 2.)  Plaintiffs do not dispute that 100% of the wheat in Wheat Thins is whole grain wheat.  (*See generally* Compl.)

Plaintiffs allege that they purchased "various flavors of Wheat Thins" at grocery stores in California and New York.  (Compl. at ¶¶25 & 27.)  They further allege that they saw the "100% Whole Grain" statement on the packages of the Wheat Thins they purchased and "expected" that 100% of the grain ingredients in those products (not just the wheat ingredients) were whole grains. (Compl. at  ¶¶26 & 28.)  However, the plaintiffs allege cornstarch is "listed as one of the top ingredients in Wheat Thins and is a main ingredient in the Wheat Thins product formula."  (Compl. at ¶11.)  Despite cornstarch being prominently listed as an ingredient in Wheat Thins, the plaintiffs claim they "did not know that cornstarch was a refined grain ingredient" when they purchased Wheat Thins.  (Compl. at  ¶¶26 & 28.)  Based on this alleged ignorance, the plaintiffs claim they and all other consumers in New York and California were deceived into purchasing Wheat Thins products and incurred damages as a result of those purchases.  (*Id*.)

## III.     LEGAL STANDARD

### A.      Failure To State A Claim Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In ruling on such a motion, the Court ignores "legally conclusory statements" in the pleadings not supported by actual factual allegations.  *Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4387 PJH, 2011 WL 2111796, at *2 (N.D. Cal. May 26, 2011) (internal quotes and cites omitted).  The Court must further disregard

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

3

CASE NO. 3:22-cv-06033-VC
NOTICE OF MOTION AND MOTION BY DEFS TO DISMISS PLTFS' CLASS ACTION COMPLAINT; MEMO IN SUPPORT

"allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004, at *3 (N.D. Cal. May 6, 2015) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)) (internal quotes omitted).  In evaluating a Rule 12 motion, the Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The Court must "take all of the factual allegations in the complaint as true" but is not "bound to accept as true a legal conclusion couched as a factual allegation." *Godecke ex rel. United States v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1205 (9th Cir. 2019); *see also Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action").  "Dismissal is appropriate when the complaint lacks a 'cognizable legal theory' or sufficient factual allegations to 'support a cognizable legal theory.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652 (9th Cir. 2019) (citation omitted)).

## B.     Motion To Strike Class Allegations

The Court must conduct a "rigorous analysis" to determine whether a plaintiff can satisfy the Rule 23 requirements for class certification.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).  While courts in the Ninth Circuit typically wait until after the pleading stage to make such determinations, there is no reason to wait where the defects are obvious, as Rule 23 expressly requires that this determination be conducted "[a]t an early practicable time."  Fed. R. Civil P. 23(c)(1)(A).  Indeed, the U.S. Supreme Court has found that class certification can be denied on the pleadings because "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of this rule is "to avoid the

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

4

CASE NO. 3:22-cv-06033-VC
NOTICE OF MOTION AND MOTION BY DEFS TO DISMISS PLTFS' CLASS ACTION COMPLAINT; MEMO IN SUPPORT

1    expenditure of time and money that must arise from litigating spurious issues by dispensing with

2    those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

3    In the Ninth Circuit, motions to strike are proper "if granting the motion would make trial less

4    complicated or otherwise streamline the ultimate resolution of the action." *See Fantasy, Inc. v.*

5    *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Again,

6    while class allegations are not typically challenged at the pleading stage, "[s]ometimes the issues are

7    plain enough  from the pleadings to determine whether the interests of the absent parties are fairly

8    encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. at 160.

9    Thus, class allegations will be stricken if it is clear from the complaint that such claims cannot lie.

10   *See, e.g., Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1152-53 (N.D. Cal. 2010);

11   *Sanders v. Apple Inc*., 672 F.Supp.2d 978, 990-91 (N.D. Cal. 2009).

12       **C.      Personal Jurisdiction**

13       On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears

14   the burden of establishing the court's personal jurisdiction over a defendant." *O'Handley v. Padilla*,

15   579 F.Supp.3d 1163, 1178 (N.D. Cal. 2022).  To avoid dismissal based on jurisdiction, a plaintiff

16   must make a *prima facie* factual showing that the defendant is subject to the Court's jurisdiction for

17   the specific claims asserted.  *Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.,*

18   666 F.Supp.2d 1109, 1117 (C.D. Cal. 2009).  Due process requires the defendant to have minimum

19   contacts with the state so that asserting jurisdiction does not offend "traditional notions of fair play

20   and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  California courts

21   require that jurisdiction comport with both California's long-arm statute and the constitutional

22   requirement of due process.  *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).

23       Courts determining jurisdiction apply the law of the state in which they sit.  *Walden v. Fiore*,

24   571 U.S. 277, 283 (2014); *see also* Fed. R. Civil P. 4(k)(1)(A).  In California, there are two ways a

25   plaintiff can demonstrate that a non-resident has sufficient contacts with California for jurisdiction

26   to be proper: (1) by showing that the defendant's contacts with California are "so continuous and

27   systematic as to render [it] essentially at home" in the forum such that the Court can exercise general

28

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

5

CASE NO. 3:22-cv-06033-VC
NOTICE OF MOTION AND MOTION BY DEFS TO DISMISS PLTFS' CLASS ACTION COMPLAINT; MEMO IN SUPPORT

(all-purpose) jurisdiction; or (2) by proving the defendant's specific conduct constitutes the kind of "purposeful availment" or "purposeful direction" that justifies the Court exercising specific (case-linked) jurisdiction.  *See*, *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779-80 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011); *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 & 9 (1984).

## IV.    DISCUSSION

### A.    Plaintiffs Fail To State Claims Under Rule 12(b)(6)

#### 1.    The Deceptive Practices and False Advertising Claims must be Dismissed

Plaintiffs fail to allege a viable theory of misrepresentation under the California Consumer Legal Remedies Act (CLRA) and New York General Business Law because no reasonable consumer would be misled by the Wheat Thins products' label and, in any event, any confusion resulting from the label would be dispelled by the product packaging and ingredient list.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts . . . intended to result or that result in the sale or lease of goods or services to any customer."  Cal. Civil Code §1770(a).  New York General Business Law section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce" and section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce."  Claims under the CLRA and New York General Business Law sections 349 and 350 are governed by the "reasonable consumer" test.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Sanchez v. Nurture, Inc.*, No. 5:21-cv-08566-EJD, 2022 U.S. Dist. LEXIS 161409, at *8 (N.D. Cal. Sep. 7, 2022) (the CLRA "requires a plaintiff to show potential deception of consumers acting reasonably in the circumstances -- not just any consumers") quoting *Hill v. Roll Internat. Corp.*, 195 Cal.App.4th 1295, 1304 (2011); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (representations must be "likely to mislead a reasonable consumer acting reasonably under the circumstances").  Under this standard, the plaintiffs in this case must show that a reasonable consumer is likely to be deceived by the statements allegedly made by Defendants.  Thus, to avoid dismissal, the plaintiffs "must allege more than a

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

1   mere possibility that the advertisement might conceivably be misunderstood by some few consumers

2   viewing it in an unreasonable manner.   Rather, the reasonable consumer standard requires a

3   probability that a significant portion of the general consuming public or of targeted consumers,

4   acting reasonably in the circumstances, could be misled." *Hadley v. Kellogg Sales Co.*, 273

5   F.Supp.3d 1052, 1079 (N.D. Cal. 2017) (internal quotes and cites omitted).

6          Under this standard, any statements challenged by the plaintiffs must be read "reasonably

7   and in context." *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995); *Loomis v. Slendertone*

8   *Distribution, Inc.*, 420 F.Supp.3d 1046, 1082 (S.D. Cal. 2019) (for CLRA claims, "[t]he Court

9   proceeds by looking at the representations in their complete context to determine whether

10  Defendant's advertisements would deceive a reasonable consumer"); *Pichardo v. Only What You*

11  *Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020) ("Courts

12  view each allegedly misleading statement in light of its context"); *Fink v. Time Warner Cable*, 714

13  F.3d 739, 742 (2d Cir. 2013) (under New York consumer laws, "[i]n determining whether a

14  reasonable consumer would have been misled by a particular advertisement, context is crucial").

15  When a court can evaluate the alleged misrepresentations based on a review of the product packaging

16  at question, dismissal is appropriate where the court finds that members of the public are not likely

17  to be deceived by the product packaging. *Jones v. Conagra Foods, Inc.*, 912 F.Supp.2d 889, 899

18  (N.D. Cal. 2012); *Fink*, 714 F.3d at 741 ("a court may determine as a matter of law that an allegedly

19  deceptive advertisement [or label] would not have misled a reasonable consumer"); *Kennedy v.*

20  *Mondelēz Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538, at *26-27

21  (E.D.N.Y. July 10, 2020) ("where the allegations of a complaint are materially inconsistent with the

22  evidence a plaintiff relies on to make those allegations, [a court] may easily conclude that plaintiffs'

23  claims lack the facial plausibility necessary to survive a motion to dismiss").

24          Plaintiffs' claims in this case fail because they have not identified any statement by

25  Defendants that is false or misleading regarding the contents of the Wheat Thins products, let alone

26  a statement that would deceive a reasonable consumer when properly read in context.   The only

27  statement with which the plaintiffs take issue is the phrase "100% Whole Grain" on Wheat Thins

28

7

product packaging, claiming that they believed the statement means that "*all* grain ingredients (100% of them) in Wheat Thins were whole grains" and that they did not expect the products would contain cornstarch.  (Compl. at ¶¶ 26 & 28.)  Of course, that is not what the labels say and, to accept the plaintiffs' proposed interpretation, the Court would have to disregard both the full context in which the statement at issue is used and the remainder of the product packaging, including the express ingredient list.  Specifically, the Court would have to ignore the fact that the phrase "100% Whole Grain" on Wheat Thins packaging is *only* used directly preceding the word "wheat," that the phrase is surrounded by images of wheat stalks and wheat grains and that cornstarch is "listed as one of the top ingredients" in the ingredient label.  (Compl. at ¶2, Fig. 1; ¶3, Fig. 2; ¶11.)  When read in context, the statement is not ambiguous; it can only be interpreted as meaning that 100% of the *wheat* ingredients in Wheat Thins is whole grain, a statement the plaintiffs do not allege is false.

A district court in New York dismissed similar claims in *Warren v. Whole Foods Mkt. Grp., Inc.*, 574 F.Supp.3d 102 (E.D.N.Y. 2021).  Plaintiffs there alleged that Whole Foods' use of a "100% Whole Grain" stamp on its oatmeal product was misleading under New York consumer protection laws because the plaintiffs interpreted the statement to mean the product was made exclusively of whole grain ingredients.  *Id.* at 116.  The court found that the plaintiffs' interpretation of "100% Whole Grain" in isolation was implausible in light of the context in which it was used.  The label read in context stated "100% Whole Grain – 18g or more per serving," which indicated that whole grains made up "a portion of each serving of oatmeal rather than the whole thing."  *Id.*  Moreover, the front of the product packaging and the ingredient list in that case indicated that there were ingredients other than oatmeal in the product, calling into question the plaintiffs' interpretation of an isolated phrase regarding the oatmeal's grain content.  *Id.*  The court ruled that, "[t]aking the front of the oatmeal package as a whole, it [was] not plausible that the whole-grain stamp . . . would mislead a reasonable customer."  *Id.*  The court then dismissed the consumer protection and breach of warranty claims.

Plaintiffs' claims in this case are even weaker than the dismissed claims in *Warren* because the products at issue here do not use the phrase "100% Whole Grain" as a standalone statement; that

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

statement is used *only* as a direct modifier of "wheat," making the text unambiguous and subject to only one interpretation on its face.  (*See* Compl. at ¶2, Fig. 1; ¶3, Fig. 2.)  When read in full, and not in isolation (as the plaintiffs propose), there can be no question that "100% WHOLE GRAIN WHEAT THINS" means that 100% of the *wheat* ingredients in the products are whole grain.  The statement cannot reasonably be read as making representations about any *non-wheat* ingredients, such as corn.  To be sure, the plaintiffs do not allege -- and the product packaging does not state -- that Wheat Thins products are made from "100% Whole Grain *Ingredients*" or "100% Whole *Grains*" (plural) or that the products also contain "100% Whole Grain *Corn*" or are multi-grain in any fashion.  The only plausible interpretation of "100% WHOLE GRAIN *WHEAT* THINS" is that all of wheat ingredients are whole grain and that is the interpretation this Court should adopt.

Even if the text of the packaging were not enough to ensure that "100% Whole Grain" refers to the wheat in Wheat Thins, the context in which the phrase appears on the product label makes clear that it is referring to wheat grains.  Each time the phrase "100% Whole Grain" is used on the Wheat Thins product packaging, it is accompanied by images of wheat stalks and wheat grains and no images of any other types of grain ingredients.  (*See* Compl. at ¶2, Fig. 1; ¶3, Fig. 2.)  Moreover, the complaint alleges that cornstarch is listed as a "prominent" ingredient in Wheat Thins products.[2] (Compl. at ¶10.)  The description "100% WHOLE GRAIN WHEAT THINS," combined with images of wheat stalks and grains and the fact that cornstarch is listed on the product packaging (which the plaintiffs allege they read) mean that it is implausible that the plaintiffs or any reasonable consumer would believe that "100% Whole Grain" described ingredients other than wheat or meant that Wheat Thins did not contain cornstarch.  *Freeman*, 68 F.3d at 290 (dismissing a CLRA claim when the purportedly representation "read reasonably and in context" was not false); *Workman*, 141

---

[2] Plaintiffs will likely cite *Williams v. Gerber Prods. Co*., 523 F.3d 934 (9th Cir. 2008) to argue that they had no obligation to review the products' ingredients list for additional information concerning the statements at issue.  But the thrust of the holding in *Williams* was that labels must be read in context and packaging must be reviewed as a whole, which is Defendants' point.  *Williams*, which found that the ingredient list alone could not overcome multiple misleading statements and images elsewhere on the product packaging, does not change the result here, where the ingredients list is consistent with a logical reading of the statements at issue, the images on the packaging and the packaging as a whole.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

F.Supp.3d at 1035 ("One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient.  Every reasonable shopper knows that the devil is in the details . . . any potential ambiguity could be resolved by the back panel of the products"); *Clark v. Perfect Bar, LLC*, No. C 18-06006 WHA, 2018 U.S. Dist. LEXIS 219487, at *2 (N.D. Cal. Dec. 21, 2018) ("No consumer, on notice of the actual ingredients described on the packing . . . could reasonably overestimate the health benefits of the bar merely because the packaging elsewhere refers to it as a health bar and describes its recipe as having been handed down from a health-nut parent"); *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 U.S. Dist. LEXIS 134385, at *35-36 (N.D. Cal. Sep. 19, 2013) (dismissing claim that "all natural" on a yogurt product could mislead consumers into believing it did not contain fruit juice when the label disclosed the presence of juice and the plaintiffs alleged they read the label); *Lee v. Mondelēz Int'l, Inc.*, No. 22-cv-1127 (LJL), 2022 U.S. Dist. LEXIS 197204, at *35 n.6 (S.D.N.Y. Oct. 28, 2022) (dismissing with prejudice claims regarding the use of cacao/cocoa in chocolate products because "any ambiguity was cured by the presence of the ingredient list and other representations on the Products"); *Warren*, 574 F.Supp.3d at 117 (observing "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight").

Importantly, the complaint does not (and cannot) allege that any of the wheat ingredients in Wheat Thins are not whole grain.  Thus, the plaintiffs have not identified any misrepresentation about the ingredients in Wheat Thins products because the "100% WHOLE GRAIN WHEAT THINS" is an accurate statement.  (*See generally* Compl.)  Multiple decisions in the Ninth Circuit have rejected attempts to bring consumer fraud claims in the face of accurate labeling statements. *See, e.g., Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal of CLRA claim which alleged that "diet" label on Dr. Pepper led her to believe that the product would "promise weight loss" when the packaging made no such claim); *Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) (affirming dismissal of CLRA claims where the plaintiff claimed that the net weight on lip balm packaging was misleading); *Varela v. Walmart, Inc.*, No. CV 20-

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

4448-GW-KSx, 2021 U.S. Dist. LEXIS 102661 (C.D. Cal. May 25, 2021) (dismissing CLRA claim alleging that "Vitamin E skin oil" serum labeling was misleading when the product's other ingredients were clearly listed on the packaging).  Because the product labeling is accurate and no amendment can change that fact, the plaintiffs have not stated a viable misrepresentation claim and the complaint must be dismissed without leave to amend.

### 2.    Plaintiffs' Breach Of Warranty Claims Must Be Dismissed

Plaintiffs' claim that the "100% Whole Grain Wheat Thins" statement constitutes a breach of express warranty under California law and New York law fails because, as discussed *supra*, that statement would mislead a reasonable consumer.  To state a claim for breach of express warranty under California law, a plaintiff must allege that the defendant "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Crystal Springs Upland Sch. v. Fieldturf USA, Inc*., 219 F.Supp.3d 962, 966 (N.D. Cal. 2016), citing Cal. Com. Code § 2313(1) and *Williams v. Beechnut Nutrition Corp*., 185 Cal.App.3d 135 (1986).  The elements are the same under New York law, except that warranty claims have the additional requirement of privity between the plaintiff and the defendant.[3]  N.Y. U.C.C. Law § 2-313 (consisting of language identical to Cal. Com. Code § 2313); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F.Supp.2d 942, 979 (S.D. Cal. 2014) (no conflict between California and New York express warranty law)  Like consumer protection claims, "class treatment of breach of express warranty claims is only appropriate if plaintiffs can demonstrate that the alleged misrepresentation would have been material to a ***reasonable consumer***." *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 985 (C.D. Cal. 2015) (emphasis added); *see also Warren*, 574 F.Supp.3d at 119 (the scope of an express warranty under New York law "necessarily depends on what a

---

[3] The privity requirement under New York law means that plaintiff Montgomery Summa's warranty claim fails. *Klausner v. Annie's, Inc.*, 581 F.Supp.3d 538, 550 (S.D.N.Y. 2022) (dismissing warranty claims for lack of privity when product was purchased from a grocery store and not directly from the defendant).  Plaintiffs not only have not alleged privity between Mr. Summa and Defendants, they allege that he purchased products from grocery stores, not from Defendants.  (Compl. at ¶27.) Thus, the breach of warranty claim under New York law must be dismissed.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

11

CASE NO. 3:22-cv-06033-VC
NOTICE OF MOTION AND MOTION BY DEFS TO DISMISS PLTFS' CLASS ACTION COMPLAINT; MEMO IN SUPPORT

reasonable consumer would believe").   Since Wheat Thins' packaging would not mislead a reasonable consumer under the CLRA or the New York General Business Law, the plaintiffs fail to state a claim for breach of warranty.

### B.      The Court Should Strike Plaintiffs' Class Allegations

Even if the plaintiffs had stated claims on which relief could be granted against Defendants, the allegations in the complaint demonstrate that the class allegations fail under Rule 12(f).

Plaintiff seeks to represent purchasers of Wheat Thins products and brings claims under California and New York law on behalf of a multi-state class or single-state classes.  (Compl. at ¶42.)  But, class treatment in this case would be inappropriate because the complaint alleges that the plaintiffs and each putative class member would not have purchased or paid a premium for the products had they known "cornstarch was a refined grain ingredient."  (Compl. at ¶¶26, 28.)  Thus, these allegations turn on the conclusory assumption that all reasonable consumers would: (1) interpret "100% WHOLE GRAIN WHEAT THINS" surrounded by images of wheat to mean that all grain ingredients in Wheat Thins -- including non-wheat grain -- are whole grains; (2) not know that cornstarch is not a whole grain; (3) have relied on the grain statement when purchasing the product such that they are harmed by the inclusion of cornstarch; and (4) paid a premium for that product over other wheat cracker products that were not whole grain and were made with cornstarch. (Compl. at ¶14.)  These are assumptions that cannot reasonably be made.

As discussed *supra*, a reasonable consumer would not interpret Wheat Thins packaging as stating that all grains in the products are whole grain given the context in which the "100% WHOLE GRAIN WHEAT THINS" statement appears.  Furthermore, not all consumers would be ignorant of the fact that cornstarch is not a whole grain ingredient.  Indeed, assuming that consumers would not understand that cornstarch is not a whole grain ingredient is insulting to consumers because, as the word "cornstarch" makes clear, it is a starch made from corn and is not a whole kernel of corn. Moreover, the Court would need to consider numerous individualized issues of proof relating to purchasing decisions of whole grain products, including convenience, price, brand loyalty, nutrition facts, packaging design and taste, among myriad other factors.  Finally, reliance on particular

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

12

CASE NO. 3:22-cv-06033-VC
NOTICE OF MOTION AND MOTION BY DEFS TO DISMISS PLTFS' CLASS ACTION COMPLAINT; MEMO IN SUPPORT

labeling statements and the damages incurred by each consumer -- including whether the consumer paid a premium for the product and, if so, how much -- would be necessarily individual issues that would require separate inquiry and proof for each consumer, defeating entirely the purpose of class treatment.  Accordingly, the class allegations should be stricken.

### C.     There Is No Jurisdiction Over Non-California Class Members' Claims

Plaintiffs' claims on behalf of putative class members outside of California or pursuant to New York law fail because the Court lacks jurisdiction as to those claims.  As acknowledged in the complaint, Mondelēz International, Inc. is a Virginia corporation with its principal place of business in Illinois.  (*See* Declaration of Christina M. Wong in Support of Motion to Dismiss ("Wong Decl."), Ex. A; Compl. at ¶34.)  The complaint fails to allege any facts relating to the location of Mondelēz Global LLC or Nabisco, Inc.  Mondelēz Global is a Delaware limited liability company with its principal place of business in Illinois.  (*See* Wong Decl., Ex. B.)  Nabisco, Inc. is no longer a distinct legal entity and functions solely as a brand.  (*See* Wong Decl., Ex. C.)

Accordingly, Defendants are not subject to general jurisdiction in California because they are not incorporated or have a principal place of business here.  *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014).  Moreover, Defendants do not qualify as an "exceptional case," whose business dealings are "so continuous and systematic as to render them essentially at home" in California.  *Id*. at 137, 139 n. 19; *see also BNSF Railway Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017).  At most, the plaintiffs allege that Defendants sell and distribute goods across the U.S., including in California. (Compl. at ¶35.)  But merely placing products into the stream of commerce is not enough to support general personal jurisdiction.  *See Tyrell*, 137 S.Ct. at 1559 ("A corporation that operates in many places can scarcely be deemed at home in all of them") quoting *Daimler*, 571 U.S. at 139 n.20.

Nor can the Court assert jurisdiction over the claims of plaintiff Montgomery Summa and the class he purports to represent because the complaint alleges that Mr. Summa purchased Wheat Thins in New York.  (Compl. at ¶27.)  The U.S. Supreme Court has precluded California courts from exercising specific jurisdiction over claims based on activities outside of California.  *Bristol-Myers Squibb*, 137 S.Ct. at 1782 (no specific jurisdiction over a nonresident defendant for nonresident

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

plaintiffs' claims because "the conduct giving rise to [their] claims occurred elsewhere").  *Bristol-Myers* makes clear that, "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough," nor is a defendant's relationship with third parties sufficient to establish jurisdiction.  *Id*. at 1781-82.  "The mere fact that *other* plaintiffs were" involved in similar conduct in California "and allegedly sustained the same injuries as did the nonresidents . . . does not allow the [Court] to assert specific jurisdiction over the nonresidents' claims."  *Id*. at 1781 (original emphasis); *Morrison v. Ross Stores, Inc.*, No. 18-cv-02671-YGR, 2018 U.S. Dist. LEXIS 194431, at *11 (N.D. Cal. Nov. 14, 2018) ("personal jurisdiction must be met as to each named plaintiff's claim, with respect to each defendant individually").  Thus, even if the Court declines to strike the class allegations, it should dismiss the claims of Montgomery Summa and the New York class members he purports to represent.

### D.    Plaintiffs' California Claims Are Time Barred

California consumer protection claims and breach of warranty claims have three year and four year statute of limitations, respectively.  Cal. Civil Code §1783; Cal. Com. Code §2725. Plaintiff Wallenstein alleges that, "over the past several years, [he] purchased various flavors of Wheat Thins" but does not allege he bought Wheat Thins within the last three or four years or even that he purchased Wheat Thins within the applicable limitations period.  (Compl. at ¶25.)  Since Mr. Wallenstein has not stated a claim within the applicable time frame, his claims must be dismissed.

### E.    The Court Should Not Afford Leave To Amend

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."  *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend would be futile here because the plaintiffs cannot identify any misrepresentations, as the "100% WHOLE GRAIN WHEAT THINS" statement on the product packaging, coupled with images of wheat and a clear ingredients statement, is true and not misleading.  Thus, the Court should grant the motion to dismiss without leave to amend.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

## V.    CONCLUSION

Plaintiffs' complaint does not allege misstatements on Wheat Thins labels because the products are actually made with 100% whole wheat grain, as stated on the packaging.  While the plaintiffs may have "expected" that Wheat Thins are made of only whole grain ingredients and would not include cornstarch, that expectation is not reasonable in light of the context in which the "whole grain" statement was made and the product labels that unambiguously and accurately disclose (1) it is the *wheat* ingredients that are whole grain and (2) the products contain cornstarch. Because the plaintiffs have not identified a single misrepresentation on which they can base claims for deceptive practices, false advertising or breach of warranty, those claims must be dismissed with prejudice.

Even if the Court somehow finds that the claims should not be dismissed in their entirety, the Court should at a minimum: (1) strike the class allegations from the complaint, particularly since the plaintiffs' ignorance that cornstarch is not a whole grain is an individualized issue that cannot be imputed onto reasonable consumers; (2) dismiss the claims of non-resident plaintiff Montgomery Summa and the out-of-state class members he purports to represent because Defendants not subject to personal jurisdiction for such claims; (3) dismiss Montgomery Summa's breach of warranty claim for lack of privity; and (4) dismiss California plaintiff David Wallenstein's claims as outside of the statutory limitations period.

Dated:   December 12, 2022

**BAKER & McKENZIE LLP**

By:    /s/ Mark C. Goodman
         Mark C. Goodman
Attorneys for Defendants
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and NABISCO,
INC.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000