DAVE FOX (Bar No. 254651)
  Dave@FoxLawAPC.com
JOANNA FOX (Bar No. 272593)
  Joanna@FoxLawAPC.com
COURTNEY VASQUEZ (Bar No. 267081)
  Courtney@FoxLawAPC.com
**FOX LAW, APC**
201 Lomas Santa Fe Drive, Suite 420
Solana Beach, CA 92075
Tel: 858-256-7616 / Fax: 858-256-7618
*Attorneys for Plaintiffs and the Proposed Class*

Mark C. Goodman (Bar No. 154692)
  mark.goodman@bakermckenzie.com
Christina M. Wong (Bar No. 288171)
  christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Tel.: 415 576 3000 / Fax: 415 576 3099

*Attorneys for Defendants*
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and
NABISCO, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLENSTEIN, MONTGOMERY SUMMA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, AND NABISCO, INC., a New Jersey corporation,<br><br>Defendants. | Case No. 3:22-cv-06033-VC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT (L.R. 16-9) AND RULE 26(F) REPORT**<br><br>Date: April 28, 2023<br>Time: 10:00 a.m. (Via Zoom webinar)<br>Judge: The Hon. Vince Chhabria<br>Ctrm: 4, 17th Floor |

Pursuant to this Court's March 23, 2023 order, Plaintiffs David Wallenstein and Montgomery Summa, individually, and on behalf of all others similarly situated ("Plaintiffs") and Defendants Mondelēz International, Inc., Mondelēz Global, LLC, and Nabisco, Inc.'s respectfully submit the following Updated Joint Case Management Statement (Local Rule 16-9) and Rule 26(f) Report pursuant to the Court's order (Dkt. 38).

1. **JURISDICTION AND SERVICE**

   A. **Subject Matter Jurisdiction**

   Plaintiffs contend that the Court has subject matter jurisdiction under diversity jurisdiction (28 U.S.C. § 1332(a)) and the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C.A. §§ 1711, *et seq.*; 28 U.S.C. § 1332(d)). (Dkt. 1, Complaint ("Compl.") at ¶¶ 38-39.)

   Defendants contest that the plaintiffs have standing to assert the claims in the complaint, as they have suffered no injury in fact as a result of purchasing Wheat Thins. Jurisdiction is improper under CAFA or 28 U.S.C. §1332(a) because the plaintiffs' claims do not exceed a $5 million amount-in-controversy and do not meet the requirement for 100 putative class members.

   B. **Personal Jurisdiction**

   On December 12, 2022, Defendants filed a motion to dismiss (Dkt. 21) contesting, *inter alia*, personal jurisdiction over Mr. Summa's New York claims. The parties' positions with respect to Defendants' jurisdictional challenge are set forth in their respective briefs on that motion. (Dkt. 21 (Mot.); Dkt. 24 (Opp.); Dkt. 27 (Reply).) On February 3, 2023, the Court requested supplemental briefing regarding the jurisdictional issues. (Dkt. 33.) The parties submitted their supplemental briefing on February 10, 2023. (Dkt. 34, 35.) The Court has not yet issued a ruling.

   C. **Venue And Service**

   The parties agree that there are presently no issues regarding venue. Plaintiffs served the complaint on the named defendants and Defendants have filed a motion to dismiss. Plaintiffs are not aware of additional parties to serve at this time.

2. **FACTS**

   *Plaintiffs' Position:* Plaintiffs allege that Mondelez's practice labeling Wheat Thins "100% Whole Grain" falsely leads consumers to believe that *all* (i.e., 100%) of the grain ingredients in the crackers are whole grain ingredients. This representation is false and misleading because a prominent grain ingredient in Wheat Thins is cornstarch, which is a refined grain. (*Id.* at ¶¶ 2, 9-13.) Refined grain ingredients are not whole grain ingredients. (*Id.* at ¶¶ 5a-c.) Plaintiff David Wallenstein is a resident of California that purchased Wheat Thins within the past few years.

(*Id.* at ¶ 25.)  Plaintiff Montgomery Summa is a resident of New York that purchased Wheat Thins a few times each year since 2020.  (*Id.* at ¶ 27.)  Plaintiffs read and relied upon the "100% Whole Grain" representation before deciding to purchase Wheat Thins and did not know that cornstarch was actually a refined grain ingredient when they bought the product.  (*Id.* at ¶¶ 26, 28.)  Plaintiffs wouldn't have purchased Wheat Thins, or alternatively would not have paid as much for it, if they had known that not all of the grain ingredients were whole grain ingredients.  (*Id.* at ¶¶ 29-31.)

**Defendants' Position:**  Defendants contend that the plaintiffs' claims are without basis in fact or law.  Wheat Thins are made from 100% whole grain wheat and the phrase "100% Whole Grain" only appears on Wheat Thins packaging when it directly precedes the word "wheat" (*i.e.*, "100% Whole Grain Wheat Thins").  As matter of common sense and basic English comprehension, the phrase "100% Whole Grain" describes the wheat in Wheat Thins and does not mean that all grains of any type used in the product are whole grains.  There are no statements on the product packaging representing that all grains in Wheat Thins are whole grains or that any grain other than wheat in the product is whole.  When read in context, the Wheat Thins product packaging clearly displays images of wheat stalks and wheat grains around the "100% Whole Grain Wheat Thins" statement.  As the plaintiffs are forced to admit, cornstarch is expressly listed as a "prominent" ingredient on the Wheat Thins product packaging so any reasonable consumer can easily see that the product contains cornstarch, if that were truly important to their purchasing decision.  Thus, there are no incorrect or misleading statements on the packaging of the products at issue in this lawsuit as pled.

3.   **LEGAL ISSUES**[1]

*Plaintiffs' Position:*  Plaintiffs seek damages for California and New York consumers of Wheat Thins under the consumer fraud statutes of each state and breach of express warranty.  In its February 3, 2023 Order, the Court recognized the "Complaint easily states a claim."  (Dkt. 33.)

Nevertheless, Mondelez seeks to dismiss this action arguing that no reasonable consumer could be misled by the representation "100% Whole Grain" because it merely refers to the *wheat*

---

[1] Additional legal issues are fully discussed in the briefing on the pending motion to dismiss.

ingredient in the cracker, not all grain ingredients. Mondelez argues that this is evident because the phrase "100% Whole Grain" always precedes the word "wheat" in "Wheat Thins."

Plaintiffs vigorously dispute Mondelez's argument and maintain that this is not the "rare instance" where a court can find that no reasonable consumer could be misled by Mondelez's labeling practice. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008). This is particularly the case because the representation "100% Whole Grain" clearly precedes the name of the product – Wheat Thins – not the standalone word "wheat." To have Mondelez's argument make any sense, the package would need to say "100% Whole Grain *Wheat*, Wheat Thins," or, alternatively, that the name of the product is really just "Thins," when we all know it isn't.

Furthermore, Mondelez's explanation ignores that the meaning of "100% Whole Grain" alleged by Plaintiffs is endorsed by FDA guidance, promoted by the Whole Grains Council, and was even the same definition Defendant Nabisco, Inc. and Mondelez's predecessor Kraft Foods Global, Inc. has asserted in other proceedings. (*See* Dkt. 24-1, Ex. 2.) All of this is sufficient for this Court to find that a reasonable consumer could be misled. *See Williams*, 552 F.3d at 939.

Defendants' arguments that no reasonable consumer could be misled because of the disclosure of cornstarch in the ingredient list is a red herring. The Ninth Circuit has expressly denounced this argument, holding that a manufacturer shall not be permitted to mislead consumers with bold statements on the front of the package, placing the onus on consumers to read and investigate each ingredient in the ingredient list. *See, e.g., Williams*, 552 F.3d at 39; *see also Beasley v. Lucky Stores, Inc.*, No. 18-cv-07144-MMC, 2020 WL 3128873, at *3 (N.D. Cal. June 12, 2020) (denying summary judgment because a triable issue of fact exists as to whether the plaintiff, faced with multiple clear statements about the absence of trans fat on the label, should have investigated the ingredient list). Nevertheless, viewing cornstarch in the ingredient list alone does not actually say anything about whether cornstarch, or any of the other non-wheat grain ingredients, are whole grains or not and Defendants have offered no authority whatsoever that the reasonable consumer would understand that cornstarch is a refined grain that necessarily renders a product incapable of being truthfully labeled "100% Whole Grain."

3

***Defendants' Position:*** Plaintiffs' deceptive practices, false advertising and breach of warranty claims lack merit because: (1) the plaintiffs have not identified any false or misleading statements on the product packaging; and (2) no reasonable consumer could be deceived into believing that the Wheat Thins grain statement was meant to apply to corn ingredients, particularly since the packaging expressly lists cornstarch as a "prominent" ingredient.

As set forth in Defendants' facts section *supra* and in Defendants' motion to dismiss (Dkt. 21), the statement "100% Whole Grain Wheat Thins" is not inaccurate because 100% of the wheat ingredients in Wheat Thins are whole grain. The "100% Whole Grain" statement is always used in conjunction with and preceding the word "wheat" and is always surrounded by images of wheat stalks and wheat grains, further confirming that it refers specifically to wheat and not "any and all" grain ingredients in the product. Furthermore, the ingredient list on the Wheat Thins packaging plainly and prominently discloses cornstarch as an ingredient, dispelling any ambiguity or purported confusion as to whether the product includes only whole corn ingredients. The law is clear that the Court must view "representations in their complete context to determine whether Defendant's advertisements would deceive a reasonable consumer" and cannot disregard express disclosures on ingredient lists. *See Loomis v. Slendertone Distribution, Inc.*, 420 F.Supp.3d 1046, 1082 (S.D. Cal. 2019); *Truxel v. General Mills Sales, Inc.*, No. C 16-04957 JSW, 2019 U.S. Dist. LEXIS 144871, at *1, 4 (N.D. Cal. Aug. 13, 2019).

Plaintiffs' claims also fail and are inappropriate for class treatment because they are predicated on the highly unreasonable assumptions that all reasonable consumers would: (1) misinterpret "100% Whole Grain Wheat Thins" to mean all grain ingredients, including non-wheat ingredients, are whole grains; (2) not know that cornstarch is not a whole grain ingredient; (3) rely on their misinterpretation of the grain statement and the ingredient list, and their ignorance of cornstarch, in purchasing Wheat Thins such that they would be harmed; and (4) pay a premium for wheat cracker products that do not use cornstarch as a binding agent. Plaintiffs' attempt to impute their personal ignorance that cornstarch is not a whole grain ingredient on all consumers is unsupportable.

4. **MOTIONS**

On December 12, 2022, Defendants filed a motion to dismiss, which has been fully briefed. (Dkt. 21, 24, 27, 34, 35.) The Court has taken the motion under submission. (Dkt. 30.)

***Plaintiffs' Position:*** Plaintiffs reserve the right to file appropriate motions in response to the Court's forthcoming order on the Motion to Dismiss. Plaintiffs intend to file a motion for class certification. The parties may require guidance regarding discovery disputes. Plaintiffs reserve the right to file other motions as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions *in limine*. Plaintiffs do not prefer to litigate cross-motions for summary judgment on liability with respect to the named plaintiffs before litigating the issue of class certification.

***Defendants' Position:*** If any of the plaintiffs' claims are allowed to proceed following the Court's order on the motion to dismiss, Defendants intend to file a motion to bifurcate the case to address class certification issues with limited discovery and a motion to deny class certification before proceeding to merits discovery, if merits discovery is necessary. If the case progresses beyond the class certification stage, Defendants anticipate filing a motion for summary judgment after merits discovery has been completed. Defendants may also file discovery motions should any disputes arise that require the Court's intervention. Defendants reserve the right to file other motions as appropriate.

5. **AMENDMENT OF PLEADINGS**

***Plaintiffs' Position:*** Plaintiffs may seek leave of Court consistent with Rule 15 as appropriate to modify their allegations or their definition of the proposed class.

***Defendants' Position:*** Defendants oppose allowing amendment because the plaintiffs cannot state a claim on which relief can be afforded.

6. **EVIDENCE PRESERVATION**

The parties have reviewed the Court's ESI Guidelines and are aware of their document-retention obligations. The parties have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES**

The parties have agreed to exchange Initial Disclosures within fourteen (14) days of the Court's order on Defendants' pending motion to dismiss to the extent the action is not dismissed with prejudice in its entirety.

**8.    DISCOVERY**

No formal discovery has taken place to date.  Pursuant to Fed. R. Civ. P. 26(f)(3), the parties to this action propose the following Joint Discovery Plan:

<u>Anticipated Discovery</u>

***Plaintiffs' Position***: Plaintiffs anticipate discovery concerning the factual and legal claims in the complaint including, but not limited to, the following topics: formulation, package and label design, manufacturing, advertising, marketing, distribution, sales, pricing, margins, costs of goods, consumer research and surveys, consumer feedback, competitive considerations, communications and dealings with ingredient suppliers, and legal and regulatory compliance.  Plaintiffs further anticipate discovery regarding Defendants' knowledge of the meaning of the phrase "100% Whole Grain," including consumer perception and consumer preferences for the same.  Plaintiffs anticipate third-party discovery into all communications between Defendants and third-party regulatory and industry groups relating to whole grains in Wheat Thins including, but not limited to, the Whole Grains Council.  Plaintiffs anticipate discovery may also be needed as to document and record creation, maintenance, retrieval, retention, and insurance coverage.

***Defendants' Position:*** Defendants anticipate conducting discovery relating to the plaintiffs' alleged purchase of Wheat Thins products from Defendants, their alleged damages and the plaintiffs' purchasing decisions and the purchasing decisions of consumers regarding to the Wheat Thins products at issue.

<u>Phased Discovery</u>

***Plaintiffs' Position:*** Plaintiffs do not believe that discovery should be formally bifurcated. However, Plaintiffs will commit to focusing on class certification issues initially if the Court and the parties agree that discovery after any order on Plaintiffs' motion for class certification may

proceed. Because certain merits and class certification are intertwined, formal bifurcation will likely result in unnecessary discovery disputes and additional expense.

*Defendants' Position:* Defendants believe discovery should be conducted in phases to maximize efficiency and economy and to conserve resources. The first phase of discovery should focus on the plaintiffs' lack of standing to bring their claims on behalf of a class and the individualized issues of proof that predominate this action. As part of that phase, Defendants would need to conduct discovery relating to the plaintiffs' alleged purchase of Wheat Thins products and their alleged damages. Discovery during this phase would also include the purchasing decisions of consumers relating to the Wheat Thins products at issue.

**Stipulated ESI Protocol and Protective Order**

The parties will confer on an ESI protocol and protective order.

**Anticipated Discovery Disputes**

Other than the phasing of discovery identified by Defendants, the parties are unaware of any present discovery disputes.

**Discovery and Pre-Trial Schedule**

Should the Court wish to set deadlines for the following events, the parties propose the following schedule of events through trial, which attempt to be consistent with the Court's Standing Order while recognizing the context of a purported class action:

| | |
|---|---|
| Last Day to Amend Pleadings Without Leave of Court | 2 months after Initial Case Management Conference |
| Last Day to File Class Certification Motion; Plaintiff's Class Certification Expert Disclosures | 6 months after Defendants' answer |
| Opposition to Motion for Class Certification; Defendants' Class Certification Expert Disclosures | 6 weeks after Motion for Class Certification |
| Reply to Motion for Class Certification; Plaintiffs' Class Certification Expert Rebuttal | 21 days after opposition to Motion for Class Certification |
| Defendants' Class Certification Expert Rebuttal to Class Certification | 21 days after Reply in support of Motion for Class Certification |
| Further Case Management Conference Before Close of Discovery | 1 month before close of discovery |
| Close of Fact and Expert Discovery | 2 months before last day to hear dispositive motions |
| Last Day to Hear Dispositive Motions | 2 months before pre-trial conference |
| Pre-Trial Conference | 1 week before trial |
| Trial | 16 months after Defendants' answer |

9. **CLASS ACTIONS**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

***Plaintiffs' Position***: Plaintiffs will seek to certify a multi-state class of California and New York consumers or, in the alternative, single-state subclasses, pursuant to FRCP 23(b)(3) that purchased Wheat Thins bearing the representation "100% WHOLE GRAIN" for personal use, when in fact those products contained refined grains, such as cornstarch.

Plaintiffs anticipate that this case will be readily certified. False advertising class actions are "generally well-suited for class certification." *Holt v. Noble House Hotels & Resort, LTD*, 2018 WL 5004996, at *5 (S.D. Cal. Oct. 16, 2018); *Broomfield v. Craft Brew All., Inc.*, 2018 WL 4952519, at *5 (N.D. Cal. Sep. 25, 2018) ("A claim concerning alleged misrepresentations on packaging to which all consumers were exposed is sufficient to satisfy commonality."); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 985 (C.D. Cal. 2015) ("Determinations of whether Defendant misrepresented its products and, as a result, whether warranties were breached, are common issues appropriate for class treatment.").

Defendants' arguments relating to individual issues of reliance are misplaced. The law is plain and clear that "individual experience with the product is irrelevant where, as here, the injury under [consumer protection statutes] is established by an objective test . . . [i]njury is shown where the consumer has purchased a product that is marketed with a material misrepresentation, that is, in a manner such that 'members of the public are likely to be deceived.'" *Holt*, 2018 WL 5004996, at *6. Such is the case, here, where Plaintiffs seek to certify a class of consumers who purchased the same product (Wheat Thins), bearing the same material representation (100% Whole Grain) that is likely to deceive members of the public (because all Wheat Thins at issue actually contain refined grains, such as cornstarch). *See also* Compl. ¶¶ 42-52.

***Defendants' Position:*** Defendants do not believe that this action is properly maintained as a lawsuit, much less as a class action lawsuit. This litigation cannot proceed as a class action because there is no ascertainable class and individual issues of proof will predominate. For instance, individual issues of damages (including the amounts each consumer paid for their Wheat

8

Thins products, whether they believed the products did not include cornstarch and what they would have paid for the products had they known cornstarch was an ingredient, or if they were harmed at all) preclude class treatment in this case. Actual reliance issues would likewise preclude class certification, as those issues would require mini trials by which potential class members would have to offer competent evidence that they interpreted the phrase "100% Whole Grain" -- which is only used directly preceding and in conjunction with the word "wheat" -- to mean that the Wheat Thins products did not contain other grain ingredients that were not whole grains (*e.g.*, cornstarch) and that they actually relied on that interpretation of the grain statement in purchasing the products at issue and that they incurred damages as a result of that reliance.

As discussed *supra*, Defendants intend to bring a motion to bifurcate the issues in the case and believe that discovery should be limited to discovery relating to class certification during the first phase of the litigation. Following a determination of class certification, the parties can proceed to merits discovery, if necessary.

10. **RELATED CASES**

The parties are not aware of any pending related cases or proceedings.

11. **RELIEF**

*Plaintiffs' Position:* Plaintiffs seek damages, attorneys' fees, costs, interest, and any other relief the Court may deem proper should Plaintiffs prevail. Plaintiffs may seek punitive damages if discovery reveals malicious conduct. Specific damages calculations are not achievable at this stage of the case. Plaintiffs anticipate that they will support their damages models through a qualified expert who will perform a hedonic regression, conjoint analysis or similar scientific calculation to determine the price premium for Wheat Thins based on the representation at issue. Plaintiffs estimate that the price premiums that have been wrongfully paid by California and New York consumers during the Class Period is in the hundreds of millions of dollars.

*Defendants' Position*: Defendants contend that the facts demonstrate that the plaintiffs have not been damaged in any amount. As the plaintiffs concede in their complaint, Wheat Thins

products prominently disclose that they contain cornstarch on their labels and it is not reasonable to ignore the ingredients in the product if those ingredients matter to purchasing decisions.

### 12. SETTLEMENT AND ADR

In accordance with Rule 26(f)(2), the parties discussed potential ADR but do not agree to ADR at this time. The parties are prepared to discuss ADR at the case management conference.

### 13. OTHER REFERENCES

At present, neither party believes this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

*Plaintiffs' Position:* Plaintiffs do not believe that any claims or issues should be narrowed.

*Defendants' Position:* If the litigation survives the pending motion to dismiss, Defendants submit that the litigation should be bifurcated and that the Court should address the issue of class certification first, as the issues can be significantly narrowed in this case by a ruling on a motion to preclude class certification.

### 15. EXPEDITED TRIAL PROCEDURE

The parties agree that this case is not suitable for the Expedited Trial Procedure.

### 16. TRIAL

*Plaintiffs' Position:* Plaintiffs have demanded a trial by jury. The anticipated length of trial cannot be realistically determined at this early stage of the case.

*Defendants' Position:* Defendants expect a 10- to 15-day jury trial.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

Both parties filed Certificates of Interested Entities and Persons. (Dkt. 14-16, 20.)

### 18. PROFESSIONAL CONDUCT

Counsel have reviewed the Guidelines for Professional Conduct of this Court.

Dated: April 20, 2023          **FOX LAW APC**

s/*Courtney Vasquez*
COURTNEY VASQUEZ
courtney@foxlawapc.com
*Attorneys for Plaintiffs and the Proposed Class*

Dated: April 20, 2023          **BAKER & MCKENZIE LLP**

s/*Mark C. Goodman*
MARK C. GOODMAN
mark.goodman@bakermckenzie.com
*Attorneys for Defendants*
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and
NABISCO, INC.

## **CERTIFICATION**

I hereby certify that the content of this document is acceptable to Mark C. Goodman, counsel for Defendants, and that I have obtained his authorization to affix his signature to this document.

Date: April 20, 2023          **FOX LAW, APC**

s/*Courtney Vasquez*
COURTNEY VASQUEZ
*Attorneys for Plaintiffs and the Proposed Class*