UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLENSTEIN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>MONDELEZ INTERNATIONAL, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-06033-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

　　　　Two plaintiffs, David Wallenstein and Montgomery Summa, allege that the packaging for Wheat Thins crackers is misleading because it falsely characterizes the crackers as "100% WHOLE GRAIN." Wallenstein is from California, and he asserts two claims under California law on behalf of a proposed class of California consumers. Summa is from New York, and he asserts three claims under New York law on behalf of a proposed class of New York consumers.

　　　　Nabisco and the other defendants named in the complaint have filed a motion to dismiss. They contend there is no personal jurisdiction in California as to the New York claims, and they contend that neither plaintiff has adequately alleged that the packaging is misleading. The motion to dismiss Summa's New York claims for lack of personal jurisdiction is granted, but the motion to dismiss the California claims is denied, because Wallenstein has adequately alleged that the packaging is misleading.

**I**

　　　　In its motion, Nabisco argued only fleetingly for dismissal of Summa's New York claims for lack of personal jurisdiction. The argument was fleeting because Nabisco recognized that this Court previously rejected the contention that a plaintiff must, in the wake of the Supreme Court's

decision in *Bristol-Myers Squibb Co. v. Superior Court of California et al.*, 137 S.Ct. 1773 (2017), establish personal jurisdiction over the defendant as to the potential claims of absent class members. *See Patterson v. RW Direct, Inc., et al.*, No. 18-cv-0055-VC, 2018 WL 6106379, at *1 (N.D. Cal. Nov. 21, 2018). But the Court expressed a desire to take another look at the issue and invited supplemental briefing.

Upon further review, it's worth acknowledging the reasonableness of the argument that, as a logical outgrowth of *Bristol-Myers*, a named plaintiff must allege and prove that a state has personal jurisdiction over the defendant as to the claims of absent class members. After all, in the rare instance where a class action goes to trial, the judge and jury are adjudicating claims of the absent class members against the defendant, and the defendant arguably has the right to see such claims adjudicated in a court where it is subject to personal jurisdiction, just as it would have that right in any other case. But for the reasons explained by Judge Feinerman and others, an application of *Bristol-Myers* to absent class members runs counter to our traditional understanding of the judiciary's authority to adjudicate class actions, and there are good legal arguments for why *Bristol-Myers* should not be applied in this fashion. *See Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820–21 (N.D. Ill. 2018); *see also Mussat v. IQVIA, Inc.*, 953 F.3d 441, 445–47 (7th Cir. 2020); *Lyngaas v. Ag*, 992 F.3d 412, 432–33 (6th Cir. 2021). Accordingly, this Court will stick with the view it expressed in *Patterson* that *Bristol-Myers* does not (currently) apply to absent class members.

But there is a more fundamental problem with the New York claims in this case. Even if a court need not evaluate personal jurisdiction for the claims of absent class members, there is no serious dispute that each *named* plaintiff in a proposed class action must establish personal jurisdiction. *See Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 874 (N.D. Ill. 2017); *Gaines v. General Motors, LLC*, No. 17-1351-LAB, 2018 WL 3752336, at *2–*3 (S.D. Cal. Aug. 7, 2018); *Morrison v. Ross Stores, Inc.*, No. 18-2671-YGR, 2018 WL 5982006, at *4 (N.D. Cal. Nov. 14, 2018); *Chufen Chen v. Dunkin' Brands, Inc.*, No. 17-3808-CBA, 2018 WL 9346682, at *5 (E.D.N.Y. Sept. 17, 2018). There is no argument, in light of *Bristol-Myers*, that there is

personal jurisdiction over Summa's New York claims in California.

This case is different from *Al Haj* and others where a single named plaintiff (or a group of named plaintiffs) asserts a federal claim and seeks to represent a nationwide class for purposes of that claim. In a case like that, a named plaintiff who can establish personal jurisdiction over the defendant with respect to their own claim can represent absent class members from other states because: (1) the named plaintiff's claim is the same as the claim of the absent class members; and (2) there's no need (at least absent further direction from higher courts) to assess personal jurisdiction with respect to the absent class members.

This case is also distinguishable from a situation where a single named plaintiff from a particular state asserts a claim under that state's law and then seeks to represent absent class members from other states whose laws are not materially distinguishable. In that situation, just as in the case with the federal claim, the named plaintiff has the same claim as the absent class members, and there's no need to assess personal jurisdiction with respect to the absent class members.

Here, although counsel for Wallenstein and Summa gives lip service to the idea of a multistate class, the complaint contains no actual claim on behalf of a multistate class. It contains only claims by a California plaintiff on behalf of a proposed California class, and claims by a New York plaintiff on behalf of a proposed New York class. Perhaps this is because there are material differences between California and New York law that would prevent a California plaintiff from representing New York residents in a class action. Or perhaps it's because counsel didn't consider the consequences, from a personal jurisdiction standpoint, of pleading the case this way. Either way, there is no personal jurisdiction in California over the claims asserted by Summa.

It's worth noting that applying *Bristol-Myers* to a named plaintiff while declining to apply it to absent class members can create something of a conundrum for class action plaintiffs. Often, named plaintiffs are told they can't represent class members from other states, at least absent a showing that the law in those other states is materially similar to the state law being

asserted by the named plaintiff. The solution to this problem has often been to simply bring in named plaintiffs from other states. But if you can't establish personal jurisdiction with respect to named plaintiffs from other states, you can't add them. The result is that those named plaintiffs might need to pursue separate class actions in their own states. This is not the most efficient way to go, but it may be the way class actions need to go in the wake of *Bristol-Myers*, at least in cases where a named plaintiff is asserting state law that is not materially similar to the law of other states.

Summa asserts that none of this matters because the Court could exercise pendent party personal jurisdiction as to his New York claims, since there is personal jurisdiction as to Wallenstein's California claims. At least a couple courts have concluded that pendent jurisdiction applies in this context. *See In re Bang Energy Drink Marketing Litigation*, No. 18-5758-JST, 2020 WL 4458916, at *6 (N.D. Cal. Feb. 6, 2020); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-0413-TSH, 2021 WL 1788397, at *12–*13 (N.D. Cal. May 5, 2021). But it's difficult to see how that could be right. A rule that an out-of-state named plaintiff need not establish personal jurisdiction merely because an in-state named plaintiff has done so with respect to a similar claim would appear to render *Bristol-Myers* meaningless. The Court therefore has no discretion to exercise pendent jurisdiction over Summa's claims, and even if it did, it would decline to do so. *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 401 (6th Cir. 2021) (reasoning that the concept of pendent party personal jurisdiction is "hard to reconcile with *Bristol-Myers*."); *Suazo v. Bluemercury, Inc.*, No. 22-6307-JD, 2023 WL 2959997, at *4–*5 (N.D. Cal. Apr. 14, 2023) (same).

## II

The issues pertaining to Nabisco's Rule 12(b)(6) challenge are much more straightforward. Nabisco argues that the phrase "100% Whole Grain" is not misleading because it is only ever used immediately before the word "wheat," supposedly making it clear to consumers that only the *wheat* ingredients—and not all grain ingredients—are whole grain. This argument is borderline silly. "Wheat Thins" is clearly the name of the product, and the phrase

4

"100% Whole Grain" clearly modifies the name of the product in its entirety, not just the word "wheat." The design of the product packaging makes this abundantly clear. The phrases "100% Whole Grain" and "Wheat Thins" are differentiated not only by their respective font size but also by their color. Reasonable consumers would therefore read the packaging to mean that the product contains no grain ingredients that aren't whole.

Nabisco next suggests that any possible misapprehension based on the product packaging would be cleared up by the ingredients list on the back of the box, which lists cornstarch—a refined grain—as one of the product's top ingredients. To charge the reasonably prudent consumer with an understanding of the different types of grains—whole, refined, and enriched—and with the knowledge that cornstarch is a refined grain would be to replace the reasonable consumer standard with something more demanding.[1]

Dismissal of Summa's claims for lack of personal jurisdiction is, of course, without prejudice to his asserting them in New York or another location (if any) where he could establish jurisdiction and venue. At the upcoming case management conference, counsel for Wallenstein should be prepared to discuss whether they wish to proceed with this complaint or to file an amended one consistent with this ruling.

**IT IS SO ORDERED.**

Dated: April 25, 2023

VINCE CHHABRIA
United States District Judge

---

[1] The Court declines Nabisco's invitation to prematurely adjudicate class certification issues under Rule 12(f). Nabisco's statute of limitations argument is also a nonstarter; Wallenstein's allegation that he purchased Wheat Thins "over the past several years" more than adequately suggests that he purchased them within the last three or four years such that his California claims are timely.