Mark C. Goodman, State Bar No. 154692
 mark.goodman@bakermckenzie.com
Christina M. Wong, State Bar No. 288171
 christina.wong@bakermckenzie.com
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Defendants,
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and NABISCO, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WALLENSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, and NABISCO, INC., a New Jersey corporation,<br><br>Defendants. | Case No. 3:22-cv-06033-VC<br><br>**ANSWER TO COMPLAINT**<br><br>Courtroom:  Courtroom 5 – 17th Floor<br>Before:     The Hon. Vince Chhabria<br><br>Complaint Filed: 10/13/2022 |

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

Defendants Mondelēz International, Inc., Mondelēz Global, LLC and Nabisco, Inc. -- Nabisco, Inc. having been improperly named as a defendant to this litigation -- hereby answer plaintiff David Wallenstein's complaint as follows:

## "I. INTRODUCTION"

1. Paragraph 1 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the plaintiff purports to bring claims in relation to Wheat Thins products. Defendants deny the remaining allegations in Paragraph 1 of the complaint.

2. Paragraph 2 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

## "II. 100% WHOLE GRAINS IS A MATERIAL REPRESENTATION"

3. Defendants deny the allegations in Paragraph 3.

4. Paragraph 4 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

## "III. SOME GRAIN INGREDIENTS IN WHEAT THINS ARE REFINED GRAINS, NOT WHOLE GRAINS"

5. In answering Paragraph 5 of the complaint, Defendants admit that there are typically differences between whole grains, refined grains and enriched grains but deny that Paragraph 5 of the complaint includes an accurate or complete description of those differences and, on that basis, Defendants deny the allegations in Paragraph 5.

6. In answering Paragraph 6 of the complaint, Defendants admit that there are nutritional benefits to whole grains but deny that Paragraph 6 of the complaint accurately and completely describes the Defendants' position with respect to the differences between whole grains and refined grains and enriched grains.

7. In answering Paragraph 7 of the complaint, Defendants admit that various professionals have advocated for the health benefits of whole grains. Defendants deny the remaining allegations in Paragraph 7.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

8. Paragraph 8 of the complaint, to the extent it can be understood, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

## "IV. MDLZ'S REPRESENTATION '100% WHOLE GRAINS' ON WHEAT THINS IS FALSE AND MISLEADING"

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the Wheat Thins product label includes the phrase "100% Whole Grain." Defendants deny the remaining allegations in Paragraph 9 of the complaint.

10. In answering Paragraph 10 of the complaint, Defendants admit that Wheat Thins products contain cornstarch as an ingredient, as plainly set forth on the label. Defendants deny the remaining allegations in Paragraph 10.

11. In answering Paragraph 11 of the complaint, Defendants admit that Wheat Thins products contain cornstarch as an ingredient, as plainly set forth on the label. Defendants further admit that cornstarch is a grain product but deny that Paragraph 11 accurately or completely characterizes the nature of cornstarch as a grain product or ingredient.

12. In answering Paragraph 12 of the complaint, Defendants admit that cornstarch is a grain product but deny that Paragraph 12 accurately or completely characterizes the nature of cornstarch as a grain product or as an ingredient.

13. Paragraph 13 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that cornstarch is a grain product but deny that Paragraph 13 accurately or completely characterizes the nature of cornstarch as a grain product or as an ingredient. Defendants deny the remaining allegations in Paragraph 13.

14. Paragraph 14 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 14 of the complaint and, therefore, deny all of those allegations.

15. Paragraph 15 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

2

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

16. In answering Paragraph 16 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to positions taken by the Whole Grains Council and, therefore, deny those allegations. Defendants deny the remaining allegations in Paragraph 16.

17. In answering Paragraph 17 of the complaint, Defendants admit that the plaintiff purports to cite to draft guidance issued by the FDA but deny that the document constitutes official FDA guidance. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 18 of the complaint and, therefore, deny all of those allegations.

19. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 19 of the complaint and, therefore, deny all of those allegations.

20. Paragraph 20 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. In answering Paragraph 21 of the complaint, Defendants admit that they operate in the global snack market. Defendants deny the remaining allegations in Paragraph 21.

22. Paragraph 22 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 22 of the complaint and, therefore, deny all of those allegations.

23. Paragraph 23 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Paragraph 24 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

### "V. THE PARTIES"

25. Paragraph 25 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 25 of the complaint and, therefore, deny all of those allegations.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

3

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

26. Paragraph 26 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 26 of the complaint and, therefore, deny all of those allegations.

27. No response is required to Paragraph 27 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss. (Dkt. 40).

28. No response is required to Paragraph 28 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss. (Dkt. 40).

29. Paragraph 29 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 29 of the complaint and, therefore, deny all of those allegations.

30. Paragraph 30 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 30 of the complaint and, therefore, deny all of those allegations.

31. Paragraph 31 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 31 of the complaint and, therefore, deny all of those allegations.

32. Paragraph 32 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 32 of the complaint and, therefore, deny all of those allegations.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

4

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

33. In responding to Paragraph 33 of the complaint, Defendants admit that they sell various flavors of Wheat Thin cracker and snack products that are made from similar primary ingredients. Defendants deny the remaining allegations in Paragraph 33.

34. In answering Paragraph 34 of the complaint, Defendants admit that Defendant Mondelēz International, Inc. is a Virginia corporation with its headquarters in Chicago, Illinois, and is the parent company of Mondelēz Global, LLC. Defendants deny the remaining allegations in Paragraph 34 of the complaint.

35. In answering Paragraph 35 of the complaint, Defendants admit that Mondelēz Global LLC markets and sells Wheat Thins in the United States but deny the remaining allegations in Paragraph 35.

36. Paragraph 36 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37. Paragraph 37 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

**"JURISDICTION AND VENUE"**

38. Paragraph 38 of the complaint states a legal conclusion as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny that this action is entitled to class treatment and deny the remaining allegations in Paragraph 38.

39. In responding to Paragraph 39 of the complaint, Defendants admit that they are not citizens of California. Defendants deny the remaining allegations in Paragraph 39.

40. Paragraph 40 of the complaint states a legal conclusion as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41. Paragraph 41 of the complaint states a legal conclusion as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

5

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

## "VII. CLASS ALLEGATIONS"

42. In answering Paragraph 42 of the complaint, Defendants admit that the plaintiff purports to bring this action as a class action but deny that this action is entitled to class treatment. Defendants deny the remaining allegations in Paragraph 42.

43. In answering Paragraph 43 of the complaint, Defendants admit that the plaintiff purports to exclude from any class certain individuals but deny that this action is entitled to class treatment. Defendants deny the remaining allegations in Paragraph 43.

44. In answering Paragraph 44 of the complaint, Defendants admit that the plaintiff purports to reserve his right to amend his proposed class definition but deny that this action is entitled to class treatment. Defendants deny the remaining allegations in Paragraph 44.

45. In answering Paragraph 45 of the complaint, Defendants deny that this action is entitled to class treatment and deny the remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Paragraph 47 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that there are questions of law or fact common to all members of any purported class that would predominate over any individual issues and deny the remaining allegations in Paragraph 47.

48. Paragraph 48 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the plaintiff's claims are typical of any purported class and deny the remaining allegations in Paragraph 48.

49. Paragraph 49 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the plaintiff can adequately represent any purported class and deny the remaining allegations in Paragraph 49.

50. Paragraph 50 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that class treatment is superior to other methods of adjudication for the plaintiff's purported claims and deny the remaining allegations in Paragraph 50.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

6

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

51. In answering Paragraph 51 of the complaint, Defendants admit that the plaintiff purports to seek relief for a purported class but deny the remaining allegations in Paragraph 51.

52. Paragraph 52 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that this litigation is entitled to class treatment and deny the remaining allegations in Paragraph 52.

## "VII. CAUSES OF ACTION

### COUNT I

### Violation of the California Consumer Legal Remedies Act

### (Cal. Civ. Code §§ 1750, *et seq.*)"

53. In response to Paragraph 53 of the complaint, Defendants incorporate their responses to the allegations in Paragraphs 1 through 52 of the complaint as though fully set forth herein.

54. In answering Paragraph 54 of the complaint, Defendants admit that the plaintiff purports to bring this count individually and on behalf of all other California consumers but deny that this count is entitled to class treatment.

55. Paragraph 55 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Paragraph 59 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60 of the complaint.

61. Defendants deny the allegations in Paragraph 61 of the complaint.

62. Defendants deny the allegations in Paragraph 62 of the complaint.

63. Defendants deny the allegations in Paragraph 63 of the complaint.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

7

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

64. Defendants deny the allegations in Paragraph 64 of the complaint.

65. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 65 of the complaint and, therefore, deny all of those allegations.

66. In answering Paragraph 66 of the complaint, Defendants admit that they received a demand letter from the plaintiff's counsel purporting to provide notice of violations of the CRLA but deny that the letter constitutes valid notice under the CRLA. The remainder of Paragraph 66 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

"COUNT II

Breach of Express Warranty

(Cal. Com. Code § 2313)"

68. In response to Paragraph 68 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 67 of the complaint as though fully set forth herein.

69. In answering Paragraph 69 of the complaint, Defendants admit that the plaintiff purports to bring this count individually and on behalf of all other California consumers but deny that class treatment is appropriate as to this count.

70. Defendants deny the allegations of Paragraph 70 of the complaint.

71. Defendants deny the allegations in Paragraph 71 of the complaint.

72. Defendants deny the allegations in Paragraph 72 of the complaint.

73. Defendants deny the allegations in Paragraph 73 of the complaint.

74. Defendants deny the allegations in Paragraph 74 of the complaint.

"COUNT III

New York Consumer Protection from Deceptive Acts and Practices

(N.Y. Gen. Bus. Law § 349)"

75. No response is required to Paragraph 75 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

8

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

and Denying in Part Motion to Dismiss (Dkt. 40).

76. No response is required to Paragraph 76 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

77. No response is required to Paragraph 77 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

78. No response is required to Paragraph 78 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

79. No response is required to Paragraph 79 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

80. No response is required to Paragraph 80 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

81. No response is required to Paragraph 81 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

82. No response is required to Paragraph 82 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

83. No response is required to Paragraph 83 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

84. No response is required to Paragraph 84 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

9

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

# "COUNT IV

## New York Consumer Protection from False Advertising

### (N.Y. Gen Bus. Law § 350)"

85. No response is required to Paragraph 85 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

86. No response is required to Paragraph 86 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

87. No response is required to Paragraph 87 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

# "COUNT V

## Breach of Express Warranty

### (N.Y. UCC § 2-313)"

88. No response is required to Paragraph 88 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

89. No response is required to Paragraph 89 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

90. No response is required to Paragraph 90 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

91. No response is required to Paragraph 91 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

10

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

92. No response is required to Paragraph 92 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

93. No response is required to Paragraph 93 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

94. No response is required to Paragraph 94 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

95. No response is required to Paragraph 95 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

96. No response is required to Paragraph 96 of the complaint because, on April 25, 2023, plaintiff Montgomery Summa's claims were dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 40).

### "PRAYER FOR RELIEF"

Defendants deny the propriety of each and every request for prayer for relief. Defendants request that the Court deny all of the relief requested.

### "JURY DEMAND"

Plaintiff's demand for jury trial contains no factual allegations and no response is required.

### DEFENSES/AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on the plaintiff, Defendants plead the following separate and additional defenses.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

Defendants deny all allegations not expressly admitted and specifically reserve all affirmative or other defenses that they may have against the plaintiff and the putative class. It is not necessary at this time for Defendants to delineate such defenses against the putative class because no class has been certified and the putative class members are not parties to this litigation.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

11

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's complaint, and each and every purported cause of action therein, fails to state a claim on which relief can be granted.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because the plaintiff and the putative class members lack standing to assert such claims.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

The Court lacks jurisdiction over some or all of the claims asserted by the plaintiff and/or the purported class.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members have not sustained any injury or damage as a result of any actions allegedly taken by Defendants and are, therefore, barred from asserting any claims against Defendants.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the damages sought by the plaintiff and the putative class members are speculative, remote and/or impossible to ascertain.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or waiver.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as the plaintiff unreasonably delayed notifying Defendants of the alleged actionable wrongs and/or unreasonably delayed seeking the relief requested, which delays resulted in prejudice to Defendants.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by federal preemption.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

Each of the causes of action of the complaint is barred, in whole or in part, by applicable statutes of limitation and statutes of repose.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

12

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's and the putative class members' claims for equitable relief are barred to the extent there is, or the plaintiff asserts there is, an adequate remedy at law.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the complaint by reason of its full compliance with all statutes, regulations or other applicable laws in effect at the time of the conduct alleged in the complaint.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class have enjoyed the full benefit of their alleged purchase of the products that are the subject of the complaint and are thereby barred from making the claims for relief set forth in the complaint.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the plaintiff knew the characteristics, uses and benefits of Defendants' products and, therefore, could not have justifiably relied on the alleged misrepresentations or omissions asserted in the complaint.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

This litigation is barred, in whole or in part, because Defendants provided clear and appropriate descriptions of the ingredients in the products at issue to consumers of the products.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

No advertisements or labels relating to Defendants' products contain or contained any false or misleading statements or promises or promised any goods not intended to be delivered. Accordingly, the advertisements and product labels are not, and were not, deceptive, false, misleading, fraudulent, unlawful and/or unfair, and were not intended to mislead or deceive consumers in any way, whatsoever.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' products do not, and did not, contain any false or misleading statements and, instead, accurately portrayed the characteristics of Defendants' products.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

13

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims, and those of some or all of the putative class, for alleged violations of California consumer protection laws are barred because: (a) the plaintiff and the putative class do not have standing to assert those claims and/or the Court does not have jurisdiction over those claims; (b) the plaintiff and all class members did not rely on an alleged misrepresentation or omission leading to a product purchase and subsequent loss; (c) there is no causal link between the alleged misrepresentation or omission and a resulting loss; and/or (d) some or all of the statutes do not apply to actions authorized by a federal agency.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff may not maintain this lawsuit as a class action because the purported claims of the putative class representative are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the proposed class, the putative plaintiff class is not ascertainable and a class action is not a superior method for adjudicating the purported claims set forth in the complaint, all of which will require individual issues of reliance and/or damages.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff may not maintain this lawsuit as a class action because the interests of the purported class members are in conflict with one another.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members did not suffer any economic harm and are, therefore, precluded from recovery under California's consumer protection laws.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members are precluded from recovery because the representations, actions or omissions alleged by the plaintiff were not and are not material to the decisions to purchase or consume the products at issue.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

14

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members' claims are barred because the representations alleged were not made with the intent that the plaintiff or the putative class members rely on such representations.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members' claims are barred, in whole or in part, because the plaintiff and the putative class members had the means of knowing the truth concerning the products at issue.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

Any finding of liability under the consumer protection laws of the state of California would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and any analogous provision in the California Constitution, because the standards of liability under those consumer protection laws are unduly vague and subjective, and they permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

Any award of restitution or other monetary relief under the consumer protection laws of the state of California, based on asserted interests or injuries of persons not named as plaintiffs in this litigation, or absent persons on whose behalf this litigation is allegedly prosecuted, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and of any analogous provision in the California Constitution.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

Any award of restitution under the consumer protection laws of the state of California would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and of any analogous provision in the California Constitution.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

15

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

As a matter of constitutional right and substantive due process, Defendants would be entitled to contest by jury trial their liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Treating this litigation as a class action would violate the United States Constitution and the Constitution of California.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

To the extent that the plaintiff seeks punitive damages for an alleged act or omission, any award of punitive damages is barred by the relevant state law.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

To the extent that the plaintiff seeks punitive damages for the conduct asserted in the complaint, such an award would, if granted, violate Defendants' state and federal constitutional rights.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's and the putative class members' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

Defendants have insufficient knowledge or information on which to form a basis as to whether they may have additional, as yet unstated, separate defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to raise additional affirmative defenses as they become known to them through discovery in this matter. Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

A. That judgment on the complaint, and on each cause of action alleged therein, be entered in favor of Defendants;

B. That the Court finds that this suit cannot be maintained as a class action;

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

16

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT

C. That the plaintiff and the members of the putative class take nothing by the complaint;

D. That the request for injunctive relief be denied;

E. That Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

F. For such other and/or further relief as this Court may deem just and proper.

Dated: May 12, 2023                              **BAKER & McKENZIE LLP**

By:   */s/Mark C. Goodman*
      Mark C. Goodman
Attorneys for Defendants
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and NABISCO, INC.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

17

CASE NO. 3:22-cv-06033-VC
ANSWER TO COMPLAINT