DAVE FOX (Bar No. 254651)
Dave@FoxLawAPC.com
JOANNA FOX (Bar No. 272593)
Joanna@FoxLawAPC.com
COURTNEY VASQUEZ (Bar No. 267081)
Courtney@FoxLawAPC.com
**FOX LAW, APC**
201 Lomas Santa Fe Drive, Suite 420
Solana Beach, CA 92075
Tel:  858-256-7616 / Fax: 858-256-7618
*Attorneys for Plaintiffs and the Proposed
Class*

Mark C. Goodman (Bar No. 154692)
mark.goodman@bakermckenzie.com
Christina M. Wong (Bar No. 288171)
christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111
Tel.:  415 576 3000 / Fax:  415 576 3099

*Attorneys for Defendants*
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and
NABISCO, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLENSTEIN, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, AND NABISCO, INC., a New Jersey corporation, <br><br> Defendants. | Case No. 3:22-cv-06033-VC <br><br> **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br><br> Judge:  The Hon. Vince Chhabria <br> Ctrm:   4, 17th Floor |

Plaintiff David Wallenstein, individually, and on behalf of all others similarly situated ("Plaintiff") and Defendants Mondelēz International, Inc., Mondelēz Global, LLC, and Nabisco, Inc. (collectively, "Defendants") respectfully submit the following Proposed Stipulated Order Re: Discovery of Electronically Stored Information.

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.  Nothing in this protocol shall be deemed to constitute a waiver of any objections a responding party may have with respect to any discovery request.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate, including reasonable preservation of ESI metadata to the extent it exists in the ordinary course of business.   The parties agree to meet and confer as to any data sources that are not reasonably accessible because of undue

burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B).  The parties agree that inaccessible ESI from these sources will be preserved but may not be searched, reviewed, or produced.

5.      **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.  The parties will agree on the number of custodians for whom ESI will be searched as appropriate.  The parties shall add or remove custodians as reasonably necessary.

6.      **PRODUCTION FORMATS**

A.      **General Agreement**

The parties agree to utilize the production formats as specified in Appendix A.

Microsoft Word or other word-processing documents that contain tracked changes or comments may be produced in native format. Alternatively, at the producing party's option, they may be produced as TIFF images, as long as they contain the tracked changes and comments contained in the original. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

The parties agree to continue to meet and confer about the production formats as necessary.

The parties agree not to degrade the searchability of documents as part of the document production process.

B.      **Bates Numbering**

All images must be assigned a Bates number that must always (1) be unique across the entire document production; (2) maintain a constant prefix and length across the entire production; (3) contain no special characters or embedded spaces, except hyphens or underscores; (4) be sequential within a given document; and (5) identify the producing party. To the extent reasonably practicable, the Bates number must also maintain consistent numbering across a family of documents. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production. The producing

party will brand all TIFF images at a location that does not obliterate or obscure any part of the underlying images.

Native files shall be produced with an accompanying slip sheet bearing the document's Bates number and confidentiality designation, if any.

### C.    Metadata Production Requirements

The parties agree to provide the metadata fields for all ESI produced, to the extent such metadata exists in the ordinary course of business and is practicable. Appendix A lists and defines the metadata that should be associated with each record. The parties agree to continue to meet and confer as needed regarding metadata fields.

### D.    Confidentiality Designations

If a particular paper document or ESI item qualifies for confidential treatment pursuant to any applicable federal, state, or common law (e.g., Personally Identifiable Information), or to the terms of a protective order entered by the Court in this case, the designation shall be branded on the document's image at a location that does not obliterate or obscure any part of the underlying images. To the extent reasonably possible, this designation also should be included in the appropriate data field in the load file. Failure to comply with the procedures set forth in this Order, any protective order or confidential order, or any confidential stipulation shall not waive any protection or confidential treatment.

### E.    De-Duplication

Documents should be globally deduped at the family level. A party is only required to produce a single copy of a responsive document. ESI that is not an exact duplicate may not be removed. Paper documents shall not be eliminated as duplicates of responsive ESI. Please refer to Appendix A for details regarding deduplication.

### F.    Email Families and Threads

Parent-child relationships (the association between emails and attachments) will be preserved, and attachments to e-mails will not be eliminated from the parent e-mail. Email attachments will be consecutively produced with the parent email, and families will be associated

using attachment range metadata. If the parent or child is privileged and withheld on that basis, a slip sheet shall be inserted in the production.

### G. Technology Assisted Review

The parties shall use their judgment to deploy Technology Assisted Review (TAR) in order to reduce the cost and burden of discovery.

### H. Production of Paper Documents

Paper records will be scanned or otherwise converted into electronic form from paper documents in the following format:

All documents shall be scanned to single page Group 4, TIFF format, at least 300 dpi and 8 ½ x 11-inch page size, except for documents requiring higher resolution or different page size.

Paper documents should be logically unitized for production to the extent reasonably practicable. Therefore, when scanning paper documents for production, distinct documents shall not be merged into a single record and single documents shall not be split into multiple records.

Where the documents were organized into groups, such as folders, clipped bundles, and binders, this structure shall be maintained and provided in the load file. The relationship among the documents in a folder or other grouping should be reflected in proper coding of the beginning and ending document and attachment fields to the extent reasonably practicable. The parties will make their best efforts to unitize documents correctly.

Where a document, or a document group, such as folder, clipped bundle, or binder, has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping. Please refer to Appendix A for additional information related to production of scanned paper documents.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer to determine whether it is appropriate to phase the production of ESI. Following the initial production, the parties will continue to meet and confer to prioritize the order of subsequent productions.

8.      **DOCUMENTS PROTECTED FROM DISCOVERY**

    A.      **Non-Waiver of Protection**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged, work- product-protected, or otherwise protected information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right or obligation to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    B.      **Redactions**

Any redactions made by a party shall be identified as redacted within the "REDACTED" metadata field, and all redactions shall be logged on the privilege log with a notation stating the reason for the redaction. Each party reserves the right to object to any redaction and to seek an order from the Court requiring the producing party to produce an unredacted version after meeting and conferring in an attempt to agree to removal of the redaction.

    C.      **Production of Responsive, Non-Privileged Documents**

A party may redact or withhold any responsive documents or members of a responsive document family only if the document or members of the document's family is subject to a legally recognized claim of privilege (including, without limitation, the attorney-client privilege, the work-product doctrine, and the joint-defense privilege). Documents shall not be withheld or redacted on the basis that they contain confidential, commercially sensitive, or trade secret information. Redactions for relevance are not permitted.

Nothing in this Order shall be construed to affect the discoverability, authenticity, or admissibility of any document or data. All objections to the discoverability, authenticity, or admissibility of any document or data are preserved and may be asserted at any time.

### D.    Privilege Logs

Attorney-client privileged communications or attorney work product that post-date the filing of the complaint need not be placed on a privilege log. The privilege log will be produced in accordance with the timing specified in the Federal Rules of Civil Procedure.

### E.    "Clawback" of Documents

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will:

(a)    to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

(b)    to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

9.    **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 26, 2023        */s/Courtney Vasquez*
                           _____
                           DAVE FOX
                           JOANNA FOX
                           COURTNEY VASQUEZ
                           Counsel for Plaintiff

Dated: May 26, 2023        */s/Mark Goodman*
                           _____
                           MARK GOODMAN
                           CHRISTINA WONG
                           Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: June 5, 2023        _____
                           UNITED STATES MAGISTRATE JUDGE

**CERTIFICATION**

I hereby certify that the content of this document is acceptable to Mark C. Goodman, counsel for Defendants, and that I have obtained his authorization to affix his signature to this document.

Date: May 26, 2023                          **FOX LAW, APC**

                                            */s/Courtney Vasquez*
                                            _____
                                            COURTNEY VASQUEZ
                                            *Attorneys for Plaintiffs and the Proposed
                                            Class*

7

## Appendix A

### Exhibit A - Document Production Format

Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document. The original native files shall be preserved.

ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.

ESI duplicates shall be identified by calculating an MD5, SHA-1 or SHA-256 hash value for each file using the entire contents of each file or an industry standard combination of metadata and extracted text information for each file and then comparing the resulting hash values of each file to identify exact matches only. ESI duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. A duplicate custodian field ["DupCustodian"] shall be provided that identifies each custodian from whom the document was collected, including any custodians' whose copy was removed because it was identified as a duplicate.   Any duplicate ESI that is not produced shall be preserved.

Specific technical production format details:

- Native ESI and paper shall be converted to black and white 300 dpi TIFF format image files with Group IV compression and one TIFF file per page.  Upon written request, a producing party shall produce color images for selected documents provided the volume of documents selected for color production is reasonable.  Documents produced in color shall be produced as JPEG images.  Each color document image file shall be named with the unique Bates Number of the first page of the document followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, audio file, or video file, the original native files should be produced in addition to a single page TIFF placeholder for each document. The placeholder should be endorsed with ""No Image Available For This Record," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document. Any confidentiality or other designations stamped on the placeholder for such a document shall apply to the entire native file and its contents;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIFF format image files shall be produced (with any speaker notes shown). The produced native file should be named with the beginning Bates

number assigned to that document. Any confidentiality or other designations stamped on the image(s) for such a document shall apply to the entire native file and its contents;

• Notwithstanding the above, original native files need not be produced for documents produced with redacted images, regardless of original native file format;

• Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the document's original text or images;

• One text file per document which contains searchable text for the document shall be provided for all ESI and scanned paper documents.  Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

• An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

• All document information and metadata for each document shall be produced in a delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below to the extent it is available. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters.

| Metadata Field | Data Type | Hard copy scans | Loose Docs & Email Attachments | Email |
|---|---|---|---|---|
| ProdBeg | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |

| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
|---|---|---|---|---|
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed in the ordinary course of business | File path/folder structure for the original native file as it existed in the ordinary course of business. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| Date_Sent | Date (mm/dd/yy yy) | | | Date message sent |

| Time_Sent | Time (hh:mm:ss) | | | Time message sent |
|---|---|---|---|---|
| Date_Rcvd | Date (mm/dd/yyyy) | | | Date message received |
| Time_Rcvd | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| Date_Created | Date/Time (mm/dd/yyyy) | | Date file was created | |
| Date_LastMod | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted for the document | Any confidentiality designation asserted for the document |
| Redacted | Text | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" |
| MD5 Hash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| Time Zone Field | Text | | Time Zone used to process data | Time Zone used to process data |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |

| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
|---|---|---|---|---|