Mark C. Goodman (Bar No. 154692)
   mark.goodman@bakermckenzie.com
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone:  415.576.3000
Facsimile:   415.576.3099

Nancy Sims (Bar No. 215869)
   nancy.sims@bakermckenzie.com
**BAKER & MCKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067
Telephone:  310.201.4728
Facsimile:   310.201.4721

Attorneys for Defendants
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and NABISCO, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WALLENSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, and NABISCO, INC., a New Jersey corporation,<br><br>Defendants. | Case No.  3:22-CV-06033-VC<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:        September 12, 2024<br>Time:       10:00 a.m.<br>Courtroom:  4, 17th Floor<br>Before:     The Hon. Vince Chhabria<br><br>Date Action Filed: October 13, 2022 |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

CASE NO.  3:22-cv-06033-VC

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants hereby respond to the Court's September 9, 2024 order to show cause as to why they should not be sanctioned for vexatiously multiplying proceedings by filing a motion.  The Court should decline to issue sanctions in this case for several reasons.

First, Defendants notified the Court and the plaintiff of their intent to file a motion to deny class certification in the Joint Case Management Conference Statement filed on January 31, 2023 ("Defendants submit that the litigation should be bifurcated and that the Court should address the issue of class certification first, as the ***issues can be significantly narrowed in this case by a ruling on a motion to preclude class certification***") (emphasis added).  (Dkt. 32 at 10.)  Defendants' intent to file an affirmative motion to deny class certification was discussed during the initial scheduling conference with the Court.  No objections or concerns were raised by anyone at that time to Defendants' intended motion.

Second, although the filings for a motion to deny class certification and a motion for class certification are often staggered in time, the Court's January 22, 2024 order set the deadline for both motions on the same day.  (Dkt. 54 (Order on the Stipulation to Modify Stipulated Scheduling Order Regarding Class Certification and Pre-Trial Deadlines) at 3.)  Therefore, the timing of Defendants' motion complied with the Court's order.

Third, the Court's briefing schedule set the deadline for "Class Certification Motions," plural.  (*Id.*)  This language indicated to Defendants that the Court would have no issues with their filing a motion to deny class certification and, in fact, would be anticipating the motion based on the prior discussion at the initial scheduling conference.  Defendants, therefore, filed their motion according to the Court's briefing schedule, not to multiply proceedings but to obtain an affirmative order that no class could be certified in the case.  (Dkt. 56.)

Fourth, California federal courts generally permit a motion for class certification and a motion to deny class certification to be brought concurrently.  *See e.g., Coughlin v. Sears Holdings Corp.,* 2010 U.S. Dist. LEXIS 120529 (C.D. Cal.); *Dalton v. Lee Publ'ns, Inc,* 270 F.R.D. 555 (S.D. Cal. 2010); *Norris-Wilson v. Delta-T Group, Inc.,* 270 F.R.D. 596 (S.D. Cal. 2010) (considering both the defendants' motion to deny class certification and the plaintiffs' motion for class certification concurrently).  Given the use of motions to deny class certification in other cases and the fact that

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

2

CASE NO.  3:22-cv-06033-VC

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants communicated their intent to file a motion to deny class certification in January 2023, and followed the Court's scheduling order in filing the motion, Defendants' intent cannot reasonably be found to be malicious in any way.

Fifth, vexatious litigation typically requires repeated conduct designed to multiply proceedings unnecessarily. *See AT&T Mobility, LLC v. Bowlin*, 2022 U.S. App. LEXIS 9397, *3 (9th Cir.) ("A vexatious litigant is a 'persistent and obsessive litigant[] who, repeatedly litigating the same issues through groundless actions, waste[s] the time and resources of the court system and other litigants'"). For the purposes of determining if a litigant has acted vexatiously, "a frivolous filing alone is not enough.  Neither is mere litigiousness.  Rather, the frivolous filings must be 'inordinate' in number." *Koshkalda v. Schoenmann*, 622 B.R. 749, 760 (9th Cir. 2020) (citations omitted).  The filing of a single motion to deny class certification in good faith cannot meet the "inordinate" threshold required for a finding of vexatiousness.  Moreover, the Ninth Circuit has instructed that, in evaluating vexatiousness, courts must "discern whether the action constitutes an intent to harass the defendant or the court." *Id*. No such intent can be found here, where Defendants were simply filing an affirmative motion to deny class certification, as they informed the Court and the plaintiff they would months earlier, to obtain an affirmative determination that a class cannot be certified in this litigation.

Given the circumstances presented here, and the lack of any intent to inconvenience the Court or the plaintiff or to multiply proceedings in any way, Defendants respectfully request that the Court decline to issue sanctions for vexatious multiplication of proceedings.

Dated:  September 11, 2024

Respectfully submitted,

**BAKER & MCKENZIE LLP**

By:   */s/Nancy Sims*
    Nancy Sims
Attorneys for Defendants
MONDELĒZ INTERNATIONAL, INC.,
MONDELĒZ GLOBAL, LLC and NABISCO,
INC.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

3

CASE NO.  3:22-cv-06033-VC

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE