UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLENSTEIN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONDELEZ INTERNATIONAL, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-06033-VC<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 57 |

　　The plaintiff's motion for class certification is granted. The proposed class of all California purchasers of Wheat Thins from October 13, 2018, to present is certified. Both claims—violation of California's Consumers Legal Remedies Act and breach of express warranty—satisfy the requirements for a damages class.

　　The defendants focus largely on the issues of typicality and adequacy in their opposition to class certification. They assert that they have unique defenses against Wallenstein because he knew that cornstarch was a refined grain. But while the defendants point to a deposition exchange in which Wallenstein stated that he has read the Wheat Thins ingredients label as evidence that Wallenstein's experience is different from that of the putative class members, that colloquy does not establish that he read the label—and so knew that Wheat Thins contained cornstarch—*prior* to purchasing Wheat Thins. *See* Dkt. No. 56-2, Exh. A to Sims Declaration (Wallenstein Depo. 189:14–24, 190:24–191:1–8). And although Wallenstein testified that he knew cornstarch was not a whole grain, he also stated that he did not know that cornstarch was in Wheat Thins before making his purchases. *Id.* at 190:24–191:1–8. In this instance, given the relatively unambiguous representation that Wheat Thins were "100% Whole Grain", Wallenstein was not required to read

the ingredients label to verify that the representation was accurate. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097–98 (9th Cir. 2023). Nor does his testimony raise credibility issues leading to a conclusion that he would be unable to adequately represent the interests of the class. *See Jovel v. Boiron, Inc.*, No. 11-cv-10803-SVW-SHX, 2014 WL 1027874, at *2 (C.D. Cal. Feb. 27, 2014). Wallenstein's claims are thus typical of the putative class and he is an adequate class representative.

In addition, the defendants argue that Wallenstein cannot demonstrate that common issues of law and fact predominate because individual consumers of Wheat Thins have different purchasing motivations and so reliance on the "100% Whole Grain" representation would be an individual determination. *See* Fed. R. Civ. P. 23(a)(2), (b)(3). But under California law, if a representation is material, i.e., if a reasonable consumer would attach importance to the existence of the representation in determining whether to buy the product, an inference of reliance "arises as to the class." *Lytle v. Nutramax Laboratories, Inc.*, No. 22-55744, 2024 WL 3915361, at *14 (9th Cir. Aug. 23, 2024) (quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011)). Here, Wallenstein produced convincing evidence that a majority of consumers would consider the "100% Whole Grain" representation as a reason for purchasing Wheat Thins and that the representation impacted the price that consumers were willing to pay. So a reasonable consumer could decide that the representation was material to their purchasing decision. And the defendants have not offered anything meaningful to counter the inference of class-wide reliance.

Finally, the defendants contend that there is no damages model fit for class-wide relief. But Wallenstein submitted expert reports explaining that this case is suitable for a price premium damages model using conjoint analysis, which is sufficient at the class certification stage. *See id.* at *14. And while the defendants invoke concerns about "ascertainability," this requirement does not exist in the Ninth Circuit. *See Briseno v. Conagra Foods, Inc.*, 844 F.3d 1121, 1124 nn.3–4 (9th Cir. 2017).

Wallenstein's motion to certify a class of California Wheat Thins purchasers from October 13, 2018, to present is granted.

**IT IS SO ORDERED.**

Dated: September 25, 2024

VINCE CHHABRIA
United States District Judge