# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLENSTEIN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, AND NABISCO, INC., a New Jersey corporation,<br><br>Defendants. | Case No. 3:22-cv-06033-VC<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>Date:   April 3, 2025<br>Time:  10:00 a.m. (in person)<br>Judge: The Hon. Vince Chhabria<br>Ctrm:   4, 17th Floor |

**ORDER**

Plaintiff's Motion for Preliminary Approval of Class Settlement ("Motion") is before this Court. The Court, having scrutinized the proposed settlement as rigorous at the preliminary approval stage as at the final approval stage (*Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016); *Hunt v. VEP Healthcare, Inc.*, 2017 WL 3608297 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Services of America, Inc.*, 2016 WL 3390477 (N.D. Cal. May 20, 2016)), hereby finds that good cause appears to preliminary approve the Settlement and certify a conditional nationwide Settlement Class solely for settlement purposes. Accordingly, the Court hereby GRANTS the Motion and rules as follows:

WHEREAS, Plaintiff David Wallenstein has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Class Settlement of this Action in accordance with the February 18, 2025 Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Courtney Vasquez in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement (the "Motion"). The Settlement Agreement sets forth the terms and conditions for a proposed nationwide settlement of the above-entitled Action.

NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. All capitalized terms herein have the same meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction.</u> The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs*, 955 F.2d at 1287-88 ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.")).

3. <u>Preliminary Approval of Proposed Settlement Agreement.</u> The Court finds that, subject to the Final Approval hearing, the proposed Settlement Agreement is fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and

1

defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and mediation services, Hon. Jay Gandhi (Ret.); and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Therefore, the Court grants preliminary approval of the Settlement.

       4.      <u>Class Certification for Settlement Purposes Only.</u> The Court conditionally certifies, for settlement purposes only, a Settlement Class defined as:

> All persons over the age of 18 in the United States and U.S. Territories who, during the Class Period (as defined herein), purchased one of the Class Products in the United States for personal use, and not for resale or distribution. Excluded from the Settlement Class are (a) MDLZ board members or executive-level officers, including its attorneys, (b) governmental entities, (c) the Court, the Court's immediate family, and the Court's staff, and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with Section 5 of this Settlement Agreement or as approved by the Court.
>
> "Class Period" means: October 13, 2018 through the date Class Settlement Notice is published.
>
> "Class Products" means: Original Wheat Thins, Reduced Fat Wheat Thins, Sundried Tomato & Basil Wheat Thins, Big Wheat Thins, Ranch Wheat Thins, Hint of Salt Wheat Thins, Cracked Pepper & Olive Oil Wheat Thins, and Spicy Sweet Chili Wheat Thins bearing the representation "100% WHOLE GRAIN" on the label.

The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law

or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. <u>Class Representatives</u>. The Court appoints Plaintiffs David Wallenstein, Matthew Werner, Ivan Blanco and Kathryn Swiggum as Class Representatives of the Settlement Class.

6. <u>Class Counsel.</u> The Court appoints Fox Law, APC as Class Counsel of the Settlement Class.

7. <u>Settlement Class Administrator.</u> The Court hereby approves Kroll Administration, LLC ("Kroll") to act as Class Administrator.  Kroll shall be required to perform all the duties of the Class Administrator as set forth in the Settlement Agreement and this Order.

8. <u>Qualified Settlement Fund.</u> Kroll is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the Administrator of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Class Administrator operating as administrator of the Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Settlement Fund.  Interest on the Settlement Fund shall inure to the benefit of the Class.

9. <u>Class Notice.</u> The Court approves the form and content of the Class Notice in (i) the Long Form attached as Exhibit 2 to the Declaration of Courtney Vasquez in support of the Motion, (ii) the Print Notice attached as Exhibit 3 to the Declaration of Courtney Vasquez in support of the Motion, and (iii) the Digital Ads submitted as Exhibit 4 to the Declaration of Courtney Vasquez in support of the Motion.

The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement and in Kroll's Notice Plan as set forth in the February 17, 2025 Declaration of Cecily Uhlfelder meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves the Notice Plan.

10. <u>Objection and Opt-Out Deadline.</u> Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Opt-Out Deadline as stated herein. Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

11. <u>Exclusion from the Settlement Class.</u> Class Members who wish to opt out of and be excluded from the Settlement must submit a Request for Exclusion to the Class Administrator, postmarked no later than the Opt-Out Deadline. The Request for Exclusion must be personally completed and submitted by the Class Member or his or her attorney. So-called "mass" or "class" opt-outs shall <u>not</u> be permitted or recognized.

12. <u>Objections to the Settlement.</u> To object to the Settlement, any objection regarding or related to the Agreement must be filed with the Court on or before the Objection Deadline, absent a showing of good cause. Any objection must contain (i) a caption or title that clearly identifies the case and that the document is an objection, (ii) information sufficient to identify and contact the objecting Class Member or his or her attorney if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any.

Objecting Class Members may appear at the Final Approval Hearing and be heard. Such Class Members are requested, but not required, in advance of the Final Approval Hearing, to file with the Court or mail to the Class Administrator a Notice of Intent to Appear.

13. <u>Schedule of Future Events.</u> The Court adopts the schedule proposed by Plaintiffs, as follows (with Day "0" the date of this Order):

| Event | Day | Term | Deadline |
|---|---|---|---|
| Court grants preliminary approval | 0 | -- | |

| | | | |
|---|---|---|---|
| Deadline to commence Notice | 30 | Class Settlement Notice must commence within thirty (30) days after the Preliminary Approval Order | |
| Deadline for Plaintiffs to file Motion for Attorneys' Fees, Costs, and Service Awards | 60 | At least 30 days before the Objection Deadline, Class Counsel and Class Representatives shall file a motion for fees and service awards | |
| Deadline for MDLZ to Deposit into Settlement Fund | 60 | Within 60 days after Class Settlement Notice | |
| Notice Completion Date | 75 | Notice will run for 45 days | |
| Deadline to make a claim, opt out, and object | 90 | 14 calendar days after the end of the Settlement Notice Period | |
| Claims Review Period commences | 100 | No later than 10 days after the Objection Deadline and Opt-Out Deadline, the Claims Review Period must commence. | |
| Claims Review Period ends | 190 | 3-month Claims Review Period | |
| Distribution Plan Due | 205 | Within 15 days after conclusion of the Claims Review Period, the Claim Administrator shall provide to MDLZ and Class Counsel the Distribution Plan | |
| Deadline for Plaintiffs to file Motion for Final Approval | 214 | Motion for Final Approval due no later than fourteen (14) calendar days before the Final Approval Hearing | |
| Final Approval Hearing | 228 | | |

14. <u>Final Approval Hearing.</u>  A Final Approval Hearing is scheduled for <u>December 11</u>, 2025, at <u>2</u> : <u>00</u> for the Court to determine whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service awards to Plaintiffs.

5

The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

15. <u>Stay of Proceedings.</u> All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

16. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

17. <u>No Admission of Liability.</u> By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendants. Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order or the Final Approval Order.

18. <u>Retention of Jurisdiction.</u> The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

///

IT IS SO ORDERED.

Dated: __April 10, 2025__        _____
　　　　　　　　　　　　　　　　　　Hon. Vince Chhabria
　　　　　　　　　　　　　　　　　　District Court Judge