**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID WALLENSTEIN, *individually and on behalf of all others similarly situated*, | Case No. 3:22-cv-06033-VC |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AS MODIFIED** |
| v. | |
| MONDELĒZ INTERNATIONAL, INC., a Virginia corporation, MONDELĒZ GLOBAL, LLC, a Delaware limited liability company, AND NABISCO, INC., a New Jersey corporation, | Date:   December 11, 2025
Time:   2:00 p.m. (Via Videoconference Only)
Judge:  The Hon. Vince Chhabria
Ctrm:   4, 17th Floor |
| Defendants. | |

## ORDER

Plaintiffs' Motion for Final Approval of Class Settlement ("Motion") is before this Court. The Court granted preliminary approval of a proposed classwide settlement. (ECF No. 122.) Final approval is now GRANTED.

An opportunity to be heard has been given to all persons desiring to be heard as provided in the Notice. Having considered all of the submissions and arguments, and good cause appearing therefore, the Court hereby finds that good cause appears to finally approve the Settlement and confirm certification of the Settlement Class. Accordingly, the Court hereby GRANTS the Motion and rules as follows:

1.    This Final Order incorporates herein the Settlement Agreement, including the Exhibits thereto, and incorporates by reference the definitions in the Settlement Agreement. All capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2.    The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs*, 955 F.2d at 1287-88 ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.")).

3.    The Court finds that the proposed Settlement Agreement is fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and mediation services, Hon. Jay Gandhi (Ret.); and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Therefore, the Court grants final approval of the Settlement.

4.      Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following

Settlement Class for settlement purposes, only:

> All persons over the age of 18 in the United States and U.S. Territories who, during
> the Class Period (as defined herein), purchased one of the Class Products in the
> United States for personal use, and not for resale or distribution.  Excluded from
> the Settlement Class are (a) MDLZ board members or executive-level officers,
> including its attorneys, (b) governmental entities, (c) the Court, the Court's
> immediate family, and the Court's staff, and (d) any person that timely and
> properly excludes himself or herself from the Settlement Class in accordance with
> Section 5 of this Settlement Agreement or as approved by the Court.
>
> "Class Period" means: October 13, 2018 through the date Class Settlement Notice
> is published.
>
> "Class Products" means: Original Wheat Thins, Reduced Fat Wheat Thins, Sundried
> Tomato & Basil Wheat Thins, Big Wheat Thins, Ranch Wheat Thins, Hint of Salt Wheat
> Thins, Cracked Pepper & Olive Oil Wheat Thins, and Spicy Sweet Chili Wheat Thins
> bearing the representation "100% WHOLE GRAIN" on the label.

The Court finds, for settlement purposes only, that class certification under Federal Rule

of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement

Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b)

there are questions of law and fact common to the Settlement Class which predominate over any

individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical

of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and

their counsel will fairly and adequately represent and protect the interests of the Settlement Class

Members; (e) questions of law or fact common to the Settlement Class Members predominate over

any questions affecting only individual Settlement Class Members; and (f) a class action is superior

to other available methods for the fair and efficient adjudication of the controversy.

5.      The Court finds that Plaintiffs David Wallenstein, Matthew Werner, Ivan Blanco

and Kathryn Swiggum are members of the Settlement Class, that their claims are typical of the

Settlement Class, and they fairly and adequately protected the interests of the Settlement Class

throughout their involvement in this action.  Accordingly, the Court hereby appoints David

2

Wallenstein, Matthew Werner, Ivan Blanco and Kathryn Swiggum as Class Representatives of the Settlement Class.

6.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court makes final its appointment of Fox Law, APC as Class Counsel of the Settlement Class.

7.      The Court finds that no Class Member submitted an exclusion and thus no Class Member is excluded from the Settlement Class.  The Court further finds that no Class Member opted out of the Settlement Class.  All Class Members who have not timely and validly opted out are Class Members who are bound by this Order and accompanying Final Judgment and by the terms of the Settlement Agreement.

8.      The Court directed that Class Settlement Notice be given to the Class Members pursuant to the Notice Plan proposed by the Parties and approved by the Court in its April 10, 2025 Order Granting Preliminary Approval of Class Settlement (ECF No. 122.) In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Plan, the Class Administrator caused the forms of Settlement Notice to be disseminated as ordered. The Long-form Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the Settlement Class.

9.      The distribution of the Settlement Notice pursuant to the approved Notice Plan constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

10.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties

3

and gave all other persons seeking to comment on the proposed Settlement Agreement an opportunity to be heard. In addition, the Court has considered a number of factors, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement; and (9) the reasonableness of the relief provided by the Settlement Agreement in light of the best possible recovery.

11.     The terms and provisions of the Settlement Agreement are the product of lengthy, arm's length negotiations conducted in good faith and with the assistance of an experienced mediator. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

12.     Nothing in the Settlement Agreement, this Order, the accompanying Final Judgment, or the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

13.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Settlement Class. The efforts of Class Counsel produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Settlement Class. Class Counsel has made application for an award of attorneys' fees and reimbursement of expenses in connection with the prosecution of the action. The fee award requested is 33 1/3% of the $10,000,000 Settlement Fund. The Court hereby awards $3,333,333 as attorneys' fees to be paid in accordance with the terms of the Settlement Agreement. This amount is fair, reasonable, and adequate under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the degree of skill and quality of work

4

performed, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the Class, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Plaintiffs' Counsel are reasonable, and that the estimated hours expended are reasonable. Consistent with this Court's Standing Order, the Class Administrator shall withhold 10% of the attorneys' fees until after the Post-Distribution Accounting has been filed.  With the Post-Distribution Accounting, Class Counsel shall submit a proposed order releasing the remainder of the fees.

14.     Class Counsel has also made application for reimbursement of litigation expenses. Finding that such expenses were reasonably and necessarily incurred in prosecuting the action on behalf of the Settlement Class, the Court finally approves Class Counsel's request for litigation expenses in the amount of $587,577.05, to be paid in accordance with the terms of the Settlement Agreement.

15.     Plaintiffs have also requested Service Awards to the Class Representatives.  The Court approves service awards of $7,500 to David Wallenstein; $5,000 to Matthew Werner; $3,500 to Ivan Blanco; and $3,500 to Kathryn Swiggum.  The Class Representatives participated in the action, acted to protect the Settlement Class, and assisted their counsel. These service awards, which are fair, reasonable, and justified, are to be paid in accordance with the terms of the Settlement Agreement.

16.     The Court has considered all relevant factors and hereby approves the Resnick Center for Food Law and Policy at the University of California, Los Angeles, School of Law and Feeding America as the designated *cy pres* recipients of any monies (if any) remaining after distribution of Cash Payments in accordance with the Settlement Agreement.

17.     The Court hereby dismisses with prejudice this action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

18.     Within twenty-one (21) days after the distribution of the settlement funds (but before distribution to *cy pres* recipients), Plaintiffs' Counsel shall file a Post-Distribution

Accounting identifying (i) each Claimant whose claim was approved, including the dollar amount of the payment awarded to each such Claimant, ~~and~~ the dollar amount of any pro rata reduction, as may be required, and when the payment was made; (ii) each Claimant whose Claim is rejected; (iii) the average and median recovery per Claimant and the largest and smallest amounts paid to Claimants; (iv) the number and value of checks remaining uncashed following the 180 days after payments have been issued; (v) the dollar amount of any remaining balance in the Qualified Settlement Fund, as well as whether it is financially feasible to conduct a second distribution to those Class Members who cashed their initial payment; (vi) the dollar amount of the remaining balance in the Qualified Settlement Fund to be disbursed to the *cy pres* recipients; ~~and~~ (vii) a final accounting of all administration fees and expenses incurred by the Class Administrator; and (vii) significant or recurring issues in settlement administration since final approval, if any, and how such issues were resolved.

19.    Without affecting the finality of this Order and the Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

20.    The Court finds no reason exists for delay in entering this Order and the Final Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b).  As such, the Clerk is hereby directed to enter the Final Judgment forthwith.

21.    The Parties and the Class Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Order and the Final Judgment; and (ii) do not limit the rights of the Settlement Class.

22.    The Court adopts the schedule proposed by Plaintiffs, as follows:

| Event | Term | Deadline |
|---|---|---|
| Court grants final approval | -- | December 11, 2025 |
| Class Administrator shall pay to Class Counsel from the Settlement Fund the amount of attorneys' fees and costs awarded (subject to 10% holdback) | Within twenty-one (21) calendar days from the entry of the Final Approval Order | December 31, 2025 |
| Class Administrator shall commence payments of Approved Claims in accordance with the terms of the Settlement Agreement and Distribution Plan | Commencing within thirty (30) days after Final Approval Order | January 9, 2026 |
| Class Administrator shall pay Service Awards to Class Representatives | Within the earlier of thirty (30) days after the Effective Date, or the date the Class Administrator shall commence distributions to Class Members; all paper checks shall be mailed by this date | January 9, 2026 |
| Determination of Uncleared Payments | 180 days after issuance of payments any funds that remain unclaimed or remain unused after the initial distribution will be distributed to Class Members who cashed the initial payment, on a pro rata basis, to the extent the cost of such redistribution is considered economical by the Class Administrator, Class Counsel, and MDLZ | July 10, 2026 |
| Class Counsel will file Post-Distribution Accounting | Within 21 days after the settlement funds have been fully distributed to class members (but before distribution to cy pres recipients), Class Counsel shall file a Post Distribution Accounting and Release of Holdback Fees | July 31, 2026 |

IT IS SO ORDERED.

Dated: December 12, 2025

Hon. Vince Chhabria
District Court Judge

7